402 So.2d 456 (1981)
CLEAN WATER, INC. and Terri Saltiel, Appellants,
v.
STATE of Florida, DEPARTMENT OF ENVIRONMENTAL REGULATION, and the Fallschase Special Taxing District, Appellees.
No. PP-490.
District Court of Appeal of Florida, First District.
July 21, 1981.
Rehearing Denied September 9, 1981.
*457 James R. Brindell, Tallahassee, for appellants.
J.D. Boone Kuersteiner, Tallahassee, for appellee Fallschase Special Taxing Dist.
William W. Deane, Tallahassee, for appellee State of Florida, Dept. of Environmental Regulation.

On Petition for Rehearing
Appellee, Fallschase Special Taxing District has moved for rehearing of this cause and has pointed out several minor factual inaccuracies in our opinion filed on May 7, 1981. In addition, appellee has suggested that the directions for remand of this case be clarified. Although correction of the factual inaccuracies and the clarified remand do nothing to alter the outcome of the opinion, we nonetheless issue the following revised opinion in order to both correct and clarify our earlier opinion. In light of this revised opinion, the remainder of the petition for rehearing is denied.
PER CURIAM.
Clean Water, Inc., and Terri Saltiel appeal a final order of the Environmental Regulation Commission (ERC), which granted motions of appellees, the Department of Environmental Regulation (DER) and the Fallschase Special Taxing District, to dismiss the administrative appeal of appellants for failure to file a notice of appeal within the time prescribed by the ERC's rules of procedure.[1] Appellants assert it was error for the ERC to conclude that the DER's order of May 11, 1979, disposed of issues raised by appellant's subsequent petition for a formal hearing of May 22, 1979. We agree with appellants and reverse.
In December, 1973, the Florida Department of Pollution Control notified E. Lamar Bailey, the developer of the Fallschase Special Taxing District, of the possible need for permits to proceed with a housing development. These negotiations continued between the Florida Department of Pollution Control, which was later substituted by DER, Terri Saltiel, and Clean Water, Inc. until January 1979, when Saltiel and Clean Water notified DER of their belief that Fallschase was advertising for bids to clear and fill upon Lake Lafayette.
Subsequently, on May 2, 1979, appellants filed, with the DER, a petition for an administrative hearing under Florida Statute § 120.57. In this petition, appellants alleged that DER was about to take certain actions regarding the Fallschase Special Taxing District that were unlawful. A further *458 allegation was made that a proposed agreement between DER and Fallschase regarding the necessity to obtain permits for proposed work was in violation of the law. By order, dated May 11, 1979, this petition was denied by the DER on grounds that the proposed stipulation between the DER and Fallschase was not a final action of the DER, but only a preliminary agreement by which Fallschase and DER might determine areas of the development subject to the permitting requirements of the DER. Appellants did not pursue an administrative appeal from this order.
Thereafter, on May 15, 1979, the DER and Fallschase entered into a Stipulation Respecting Agency Investigation Prior to Agency Action. On May 22, 1979, appellants filed a second petition for an administrative hearing. The DER again denied this petition by final order, dated June 1, 1979, asserting this second petition realleged the same matters and issues as the earlier petition filed on May 2, 1979.
Appellants then filed an administrative appeal from the DER's final order and motion to stay with the ERC. The ERC entered an order on August 31, 1979, which found appellants' second petition of May 22, 1979, substantially realleged the matters and issues which had been the subject of final agency action in the order of May 11, 1979. The ERC also determined that May 11, 1979 (date of DER's first order) was the date from which the time to file a notice of appeal specified by Section 17-1.72(1), Florida Administrative Code, must be computed.
Appellants contend that their petition for a formal hearing, filed on May 2, 1979, was aimed only at a rumored agreement between DER and Fallschase, which was not reduced to writing at the time. They point out that the Stipulation Respecting Agency Investigations Preliminary to Agency Action was not signed by both parties until May 15, 1979, some four days after the May 11, 1979 DER order denying appellants' May 2, 1979 petition. They urge that it was only after appellants had finally obtained a copy of this stipulation between DER and Fallschase, that they filed the May 22, 1979 petition for formal hearing.
Appellees have asserted that the ERC properly dismissed appellants' administrative appeal as appellants failed to meet the fifteen day filing requirement of Section 17-1.72(1), Florida Administrative Code. They argue that appellants' second petition of May 22, 1979 substantially realleged matters and issues which had been determined in the DER's order of May 11, 1979. They urge that the doctrines of collateral estoppel and res judicata bar appellants' second petition.
This court has concluded that appellants' argument should prevail. The doctrine of res judicata bars relitigation of the same cause of action between the same parties and collateral estoppel bars relitigation of the same issues between the same parties in a different cause of action. Gordon v. Gordon, 59 So.2d 40, 44 (Fla. 1952); Seaboard Coast L.R. Co. v. Industrial Contracting Co., 260 So.2d 860, 863 (Fla. 4th DCA 1972). The two petitions involved in this proceeding did involve the same parties. The record indicates, however, that when appellants filed their first petition for a formal hearing on May 2, 1979, there was only a proposed agreement between DER and Fallschase in existence. It was only on May 15, 1979, that the written stipulation between DER and Fallschase was entered into, some four days after DER's order of May 11, 1979.
For this court to hold that appellants' second petition, filed on May 22, 1979 violates the DER's fifteen day filing period would fail to provide appellants with a point of entry or an opportunity to challenge the specific contents of the written stipulation entered into between Fallschase and DER on May 15, 1979. It was impossible to question the specific contents of the written stipulation in the first petition as it did not exist and was not available when that petition was filed.
Accordingly, the order below granting appellees' motion to dismiss is REVERSED and this cause is REMANDED for a determination as to whether the written stipulation *459 entered into by DER and Fallschase constituted "final agency action" which will be subject to the hearing requirements of § 120.57(1) and (2), Florida Statutes.
McCORD, SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Rule 17-1.72(1), Florida Administrative Code, reads as follows:

(1) Appellate review under this part shall be initiated by the filing of a Notice of Appeal with the Secretary within fifteen (15) days of the service upon a party of the written document representing final agency action.