GLICKSTEIN, Judge,
concurring specialty-
This was an attempted appeal from a non-final order denying a motion to enforce a claim of attorney’s lien. I agree with the majority opinion that we have no jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3), (4), and (5), which sets out the types of non-final orders that are ap-pealable. Because we are directed to consider improvidently brought appeals as petitions for writ of certiorari, I deem it ap *1209 propriate to explain why the trial court did not depart from the essential requirements of the law.
The facts show that Capricorn Marble Company (Capricorn) was involved in two lawsuits; one as plaintiff in which it sued George Hyman Construction Company (Hy-man), and one as defendant in which it was sued by Stewart Leasing Company (Stewart). Capricorn received a partial summary judgment for $1,970.80 from Hyman. In the other case, a default was entered against Capricorn in favor of Stewart, so Stewart served a writ of garnishment on Hyman seeking the judgment owed to Capricorn. Hyman filed a response admitting the debt, then Capricorn’s attorney moved to have the default set aside and the writ quashed. The court set aside the default and quashed the writ of garnishment, but required Hyman to deposit the money due on the summary judgment in the court registry to secure Stewart’s claim. The default was once again entered against Capricorn in the Stewart action.
Subsequently, Capricorn’s attorney moved for and received permission to withdraw from the case. The attorney then filed a notice of attorney’s lien and sought to enforce it against the funds Hyman had deposited in the court registry, the funds having been the subject of Stewart’s earlier writ of garnishment. The motion to enforce was filed in the county court case of Stewart Leasing Company v. Capricorn Marble Company. The motion being denied, the attorney then filed a motion to enforce her lien in the Capricorn Marble Company v. George Hyman Construction Company action, which was before the circuit court. The circuit court denied this motion, ruling that the county court had already decided this issue, so that it was barred by res judicata. This appeal is taken from the circuit court’s order.
The issue is whether the circuit court departed from the essential requirements of the law in denying the motion to enforce the attorney’s lien. We conclude that it did not and deny the petition. The reason for writing further is that the circuit court’s order relied upon res judicata.
Res judicata requires identity of the res sued for, the cause of action, parties to the actions, and parties’ quality or capacity. Seaboard Coast Line Railroad v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972). In the current case, the money deposited by Hyman into the court registry is the thing being sought in both actions, and the parties are in the same capacity in both suits, so those requirements were met. Despite appellant’s contention, the parties are the same: Stewart, which claims the money; Capricorn, to whom the money is owed; Hyman, which owes the money; and Capricorn’s attorney, who tried to impose a lien in both suits. The sticking point, however, is the cause of action, and this depends upon whether the cause of action is viewed as that upon which the initial suits are brought or the separate claim of attorney’s fee and motion to enforce it. If the attorney’s fee claim were viewed as the cause of action, it would be barred by res judicata. Because the fee was sought in the context of the larger suit, however, and not as an independent action, the causes of action to be considered must be the Capricorn/Hyman and Stewart/Capricorn actions. It is clear that because these two suits arose from different causes of action, this identity is not met; so res judicata was not the proper doctrine upon which to base dismissal of the second attempt to enforce an attorney’s lien.
The correct predicate which supports the trial judge’s order of dismissal is the principle of collateral estoppel, or estoppel by judgment, or conclusiveness of the judgment. Whatever it is called by a court, this principle says that
Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered *1210 upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.
In re Constructors of Florida, Inc., 349 F.2d 595, 599 (5th Cir.1965). See also Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Clean Water, Inc. v. State, Department of Environmental Regulation, 402 So.2d 456 (Fla. 1st DCA 1981); Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla.1979); Baum v. Pines Realty, Inc., 164 So.2d 517 (Fla. 2d DCA 1964).
The claim involved in the current appeal was duly considered by a court of competent jurisdiction, which decided the issue of whether the attorney or Stewart was entitled to the money deposited by Hyman as a result of its debt to Capricorn. This precise question having been settled in the previous suit between the same parties, the decision is conclusive, and relief should be sought through appeal of the former decision.
The fact that the trial judge said “res judicata” instead of “collateral estoppel” is not harmful, for if there is any theory upon which the disputed action could properly have been taken, then an appellate court correctly affirms, even if the reason stated is wrong. Stuart v. State, 360 So.2d 406 (Fla.1978). In this case, the order was correct because the issue had been settled in a previous suit.
As I said at the outset of this opinion, I agree that we have no jurisdiction to act so as to bind any party. I respectfully suggest, however, that there is a difference between an opinion that accepts jurisdiction by so acting and an opinion that declines to exercise jurisdiction and explains why to the parties. For an example of another opinion that accomplishes this result, see Hawaiian Inn of Daytona Beach, Inc. v. Snead Construction Corporation, 393 So.2d 1201 (Fla. 5th DCA 1981).