KLEIN, Judge.
Appellee Rhodes owned property for which taxes had not been paid for close to a decade, and a tax deed was issued on the property to appellant Weit, who brought an action to eject Rhodes. Rhodes counterclaimed to set aside the tax deed based upon improper notice of the sale. After finding in favor of Rhodes and setting aside the tax deed, the trial court granted Weit a lien on the property, but specifically denied Weit the right to foreclose on the property. That judgment was not appealed.
A few months after entry of that judgment, Weit filed this action to foreclose the lien, and the owner moved to dismiss on the ground that this action was barred by res judicata in that Weit had been denied foreclosure of the hen in the prior action. In response to the motion to dismiss Weit argued that in the prior action Rhodes took the position that Weit was not entitled to foreclose his hen because that had to be done by an independent action. That, argued Weit, was the only reason the court had denied foreclosure, and there was thus no adjudication on the merits as is necessary for the apphcation of res judicata. See Suniland Assocs., Ltd v. Wilbenka, Inc., 656 So.2d 1356, 1358 (Fla. 3d DCA 1995) (for res judi-cata to apply, there must be a “clear-cut former adjudication” on the merits). The trial court dismissed the complaint, and Weit appeals.
Res judicata is an affirmative defense. Fla.R.Civ.P. 1.110(d). Generally the res judicata effect of a judgment must be determined from the entire record, not just the judgment. deCancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla.1973). The effect of a prior judgment cannot normally be determined on a motion to dismiss, because it requires a court to go beyond the four corners of the complaint. Muns v. Shurgard Income Properties Fund, 682 So.2d 166 (Fla. 4th DCA 1996).
In the present case it cannot be determined, from a reading of the complaint and the attached judgment, whether the denial of foreclosure was on the merits. It was therefore error for the court to conclude that this claim was barred by res judicata at this stage of the proceedings. Reversed.
GUNTHER, C.J., and SHAHOOD, J., concur.