MICKLE, Judge.
Appellant challenges the denial of his petition for emergency writ of habeas corpus, in which he alleged that the Department of Corrections had improperly forfeited gain time to which he was entitled. The lower court initially denied the petition on the basis that appellant had failed to allege that he had exhausted all available administrative remedies. Appellant then filed a motion for rehearing, attaching exhibits to demonstrate that he had in fact exhausted all administrative remedies. The lower court denied the motion for rehearing, finding that (1) the essential allegations of the petition are that appellant is being held under an illegal sentence; (2) the petition does not allege that appellant has sought post-conviction relief pursuant to Fla.R.Crim.P. 3.850; and (3) since appellant fails to allege or show that he has sought relief for the alleged illegal sentence, the remedy of habeas corpus is not appropriate as other relief is available.
We conclude that the allegations contained in the petition are sufficient to state a prima facie claim for relief, and therefore that the lower court should have issued an alternative *615 writ directing appellee to show cause why-appellant’s petition should not be granted. Appended to its answer brief, appellee attaches a copy of an earlier petition for writ of mandamus purportedly filed by appellant in the supreme court, seeking restoration of his forfeited gain time. Also appended to the answer brief is a copy of an order denying the petition. Appellee asserts that appellant should be barred from raising the identical claim for relief in this court. However, no evidence of such a petition and order is contained in the instant record. In our consideration of this appeal, we cannot rely on non-record material contained in an appendix to a brief. Even if we were to take judicial notice of these items, we note that the supreme court’s order does not set forth the basis for the denial of relief. As such, we are unable to determine whether said denial was on the merits.
On the facts as alleged in the instant petition for emergency writ of habeas corpus, we conclude that habeas is the appropriate remedy should the allegations ultimately be found to be meritorious. Accordingly, we reverse and remand with directions that the trial court issue an alternative writ and conduct such further proceedings as may prove necessary.
REVERSED and REMANDED for further proceedings.
WEBSTER and PADOVANO, JJ., concur.