865 So.2d 1253 (2004)
Martha M. TOPPS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1085.
Supreme Court of Florida.
January 22, 2004.
*1254 Martha M. Topps, pro se, North Lauderdale, FL, for Petitioner.
No appearance, for Respondent.
PER CURIAM.
Petitioner Martha M. Topps petitions this Court for writ of mandamus. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.
As further discussed below, we deny the petition based on the application of the doctrine of res judicata but hold that henceforth, for purposes of uniformity, unelaborated denials entered in connection with all extraordinary writ petitions filed in any Florida court shall not be considered decisions on the merits which would bar the litigant from presenting the same or a substantially similar issue on appeal or by a subsequent writ petition, or by other means, in the same or a different Florida court.

FACTS
On June 12, 2001, Martha M. Topps filed a petition for writ of mandamus in this Court challenging the Stop Turning Out Prisoners Act, which amended various statutes to require that inmates serve eighty-five percent of their criminal sentences in prison. This was accomplished, for the most part, by limiting the amount of gain time that could be applied to an inmate's sentence to reduce the amount of time the inmate would actually remain in prison. See § 944.275(4)(b)3, Fla. Stat. (2001); ch. 95-294, § 2, at 2717-18, Laws of Fla. Topps alleged in her petition, inter alia, that the Florida Legislature should not have been permitted to pass a law reducing the amount of gain time an inmate could receive because, as she argued, the Legislature should have accomplished the result through the mechanism of a constitutional amendment. At that time, we considered all of the arguments presented in Topps' petition and deemed them to be without merit. However, we denied the petition by simply issuing an unelaborated order denying relief. See Topps v. State, 800 So.2d 617 (Fla.2001) (table).[1] Topps has now filed another petition for writ of mandamus asserting the identical issue.

ANALYSIS
The term "procedural bar" is a very broad term essentially meaning that the case, claim, or issue is precluded in some manner from being considered on the merits. The notion that a claim or an issue can be procedurally barred or "precluded" by a prior adjudication is commonly expressed in the concepts of res judicata and collateral estoppel.
Res judicata (or claim preclusion) is one type of procedural bar.[2] Translated *1255 from the Latin, it means "a thing adjudicated." See Black's Law Dictionary 1312 (7th ed.1999). The doctrine of res judicata bars relitigation in a subsequent cause of action not only of claims raised, but also claims that could have been raised. See Florida Dep't of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001). The idea underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in any court (except, of course, for appeals by right). See Denson v. State, 775 So.2d 288, 290 n. 3 (Fla.2000). The doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made. See McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323, 328 (1935); Palm AFC Holdings, Inc. v. Palm Beach County, 807 So.2d 703, 704 (Fla. 4th DCA 2002).
The doctrine of collateral estoppel (or issue preclusion), also referred to as estoppel by judgment, is a related but different concept. In Florida, the doctrine of collateral estoppel bars relitigation of the same issues between the same parties in connection with a different cause of action. See Clean Water, Inc. v. State Dep't of Envtl. Reg., 402 So.2d 456, 458 (Fla. 1st DCA 1981) (citing Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952) (finding that "the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first action only estops the parties from litigating in the second action issuesthat is to say points and questionscommon to both causes of action and which were actually adjudicated in the prior litigation")).
This Court and other Florida courts have held that a ruling must be "on the merits" for an issue to have truly been "decided" and thus preclude the consideration of an issue on the basis of res judicata. See Kent v. Sutker, 40 So.2d 145, 147 (Fla.1949) (noting that "a judgment rendered on any grounds which do not involve the merits of the action may not be used as a basis for the operation of the doctrine of res judicata"), cited in Cabinet Craft, Inc. v. A.G. Spanos Enters., Inc., 348 So.2d 920, 922 (Fla. 2d DCA 1977); Weit v. Rhodes, 691 So.2d 1108, 1109 (Fla. 4th DCA 1997). Florida courts have set forth similar holdings with regard to specific writ petitions. See Barone v. Scandinavian World Cruises (Bahamas), Ltd., 531 So.2d 1036, 1039 n. 3 (Fla. 3d DCA 1988) (petitions for writ of certiorari); Pub. Employees Relations Comm'n v. Dist. Sch. Bd. of DeSoto County, 374 So.2d 1005, 1010 (Fla. 2d DCA 1979) (petitions for writ of prohibition); State Dep't of Envtl. Reg. v. Falls Chase Special Taxing Dist., 424 So.2d 787, 790 n. 8 (Fla. 1st DCA 1982) (prohibition petitions). Therefore, consistent *1256 with our prior decision in Kent, we conclude that for a matter to have res judicata effect, the disposition of a writ petition must be on the merits.
Although it is clear that a decision on the merits must have been made before res judicata becomes applicable, Florida case law is totally unclear and in conflict as to whether an unelaborated denial of relief related to extraordinary writ petitions should be considered a decision on the merits. For example, in Florida, the First, Second, and Fifth District Courts of Appeal have held that with one type of writ petition (petitions for writ of prohibition), an unelaborated denial will not be deemed a ruling on the merits and will not preclude the petitioner from presenting or asserting the issue again on direct appeal. See Smith v. State, 738 So.2d 410 (Fla. 5th DCA 1999); Sumner v. Sumner, 707 So.2d 934 (Fla. 2d DCA 1998); State Dep't of Envtl. Reg. v. Falls Chase Special Taxing Dist., 424 So.2d 787 (Fla. 1st DCA 1982).
In contrast, the Third and Fourth District Courts of Appeal have addressed this uncertainty by specifically holding that an unelaborated denial of a petition for a writ of prohibition entered in such courts will be deemed a ruling on the merits. See Hobbs v. State, 689 So.2d 1249 (Fla. 4th DCA 1997); Obanion v. State, 496 So.2d 977 (Fla. 3d DCA 1986). The conflict and lack of uniformity is clear. Further, in Norman v. Singletary, 698 So.2d 614, 615 (Fla. 1st DCA 1997), the First District Court of Appeal concluded that this Court's denial of a petition for a writ of mandamus in an order which did not set forth the basis for the denial did not bar the appellant from subsequently presenting an identical claim for relief on appeal from the denial of a habeas petition by the trial court.
This instant case is not the first time that we have considered addressing the lack of uniformity among the district courts on the issue of whether an unelaborated denial of an extraordinary writ petition should be considered a denial on the merits. In 1998, we addressed the matter through a proposed amendment of Florida Rule of Appellate Procedure 9.100, which is the rule that establishes the procedures for the processing of writ petitions filed in the appellate courts. At that time, we proposed a new subdivision 9.100(l), Disposition of Writ Petitions. Under the proposed subdivision at that time, an unelaborated denial would have been considered a decision on the merits.[3] The proposed amendments were submitted to The Florida Bar's Appellate Court Rules Committee (committee) for consideration. The committee subsequently presented this Court with a petition to amend the rules but, contrary to the proposal as submitted by this Court, the committee's proposed amendments totally reversed the approach and provided that an unelaborated denial of an extraordinary writ petition would not be a decision on the merits. This Court at that time denied the committee's petition, rejected the committee's proposal, and directed publication of the Court's proposed amendments as originally drafted in The Florida Bar News. The records reflect that, after reviewing the proposals and the comments received related to the Court's proposed amendments, none of which were in support of the Court's proposed amendments, this Court determined that it would be better to approach a remedy for the lack of uniformity in the district courts *1257 with regard to the effect of an unelaborated denial of a writ petition by opinion when the appropriate case was presented to this Court for consideration.[4]
The unique procedural posture of the instant case now presents the appropriate case for us to address the issues for clarification of the law. Historically, in most cases, when we have denied an extraordinary writ petition on the merits we have either included information in the order indicating the basis of our decision, or we have specifically stated that the denial is "on the merits" or "with prejudice," or "without prejudice." Although the order issued in Topps' previous case was unelaborated, this Court intended its denial to be on the merits. Because the four identities set forth in McGregor are now present in the instant case and in Topps' prior case, we deny the instant petition upon application of the doctrine of res judicata. Nevertheless, we write this opinion today to clarify the future legal effect of an unelaborated denial in extraordinary writ petition cases and to provide uniformity in Florida law.
As with denials of relief entered in connection with petitions for certiorari in both the civil and criminal context, other types of extraordinary writ petitions such as petitions for mandamus, prohibition, all writs, habeas corpus, and quo warranto could certainly have relief denied based on a number of reasons other than the actual merits of the claim.[5] Decisions made in connection with extraordinary writ petitions filed by both represented and pro se litigants follow this rule because litigants often present a large number of issues, not all of which may be ripe for consideration at the time the petition is filed. Often extraordinary writ petitions are filed with the appellate court before the trial court has entered a judgment in the proceeding below, and it is not at all clear whether the appellate court has considered the petition on the merits. See, e.g., Dist. Sch. Bd. of DeSoto County, 374 So.2d at 1010 (where district court previously issued unelaborated denials of two prohibition petitions, court noted on appeal that "[i]t would be pure speculation to attribute any particular reasoning to the majority of the two prior panels of this court which decided that PERC's suggestions for writ of prohibition should be denied" and that "those denials could have rested on reasons other than the merits of the jurisdictional question posed in those prior proceedings"). Since the nature of an extraordinary writ is not of absolute right, the granting of such writ lies within the discretion of the court. Therefore, extraordinary writs may be denied for numerous and a variety of reasons, some of which may not be based upon the merits of the petition.
Thus, we do not intend to foreclose a litigant from possible relief in another court if a matter has not been determined on the merits and if it is more appropriate for that later court to determine the merits of the issue. See generally Bared & Co., Inc. v. McGuire, 670 So.2d 153, 156-58 (Fla. 4th DCA 1996) (noting that certiorari is a discretionary writ and not grantable unless the harm cannot be corrected on *1258 final appeal and, therefore, a simple denial of the petition has a "nonpreclusive effect"); Keay v. City of Coral Gables, 236 So.2d 133, 135 (Fla. 3d DCA 1970) ("A denial of a petition for certiorari cannot be construed as passing upon any of the issues in the litigation...."). To ensure that all issues are uniformly given due consideration, henceforth unelaborated orders denying relief in connection with all extraordinary writ petitions issued by Florida courts shall not be deemed to be decisions on the merits which would later bar the litigant from presenting the issue under the doctrines of res judicata or collateral estoppel unless there is a citation to authority or other statement that clearly shows that the issue was considered by the court on the merits and relief was denied.
We emphasize that our holding today will operate only prospectively for we do not wish to impose on the lower tribunals a burden of potentially having to reconsider the claims presented in any prior extraordinary writ petition that was previously disposed of by an unelaborated denial. Further, our holding certainly does not require the lower tribunals to issue an opinion in every writ case. When a court intends to deny an extraordinary writ petition on the merits, the court need only include in its order a simple phrase such as "with prejudice" or "on the merits" to indicate that the merits of the case have been considered and determined and that the denial is on the merits. The simple addition of such a phrase to any order which denies a writ petition will ensure that litigants' substantive rights will not be extinguished by an unelaborated denial of an extraordinary writ petition when the merits have not been the basis of the court's ruling.
Thus, henceforth, in this State, unelaborated denials in extraordinary writ cases shall not be deemed denials on the merits.[6] We conclude that it is not unreasonable nor does it impose an unnecessary burden upon courts to require that we all enter orders that can be clearly understood in terms of scope and impact of the determination upon the parties and to be uniform in our application of Florida law.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We subsequently addressed the Stop Turning Out Prisoners Act and held that it did not violate the single subject requirement of Florida's Constitution. See Comer v. Moore, 817 So.2d 784 (Fla.2002).
[2] At times some courts have erroneously used the term "res judicata" and "law of the case" interchangeably. The correct term for writ petitions is "res judicata." This distinction was pointed out in Public Employees Relations Commission v. District School Board of DeSoto County, 374 So.2d 1005 (Fla. 2d DCA 1979). The Second District Court of Appeal stated:

Although the school board speaks in terms of the law of the case having been established on the jurisdictional point by these previous denials of writ of prohibition, the applicable doctrine is res judicata since proceedings for writs of prohibition are original proceedings before this court and thus the denials in those proceedings do not constitute prior rulings by this court in the same case now before us for review. The doctrines of "law of the case" and res judicata are somewhat similar, but the latter has a more binding effect and the distinction is a significant one.
Id. at 1010 n. 1.
[3] The proposed rule did more than simply set forth that an unelaborated denial would be deemed a denial on the merits. It also set forth guidelines for when a dismissal (as opposed to a denial) would be more appropriate, as well as setting forth options for transferring writ petitions to other courts.
[4] On December 22, 1999, we issued an order declining to adopt our proposed amendments to rule 9.100. See In re Amendment to the Florida Rules of Appellate Procedure Rule 9.100, 751 So.2d 50 (Fla.1999) (table).
[5] Relief may not be granted for a number of reasons: the relief sought is either premature or moot, or the appellate court may deem it more appropriate to review the allegations on direct appeal later. While in this Court if we do not grant relief due to prematurity or mootness, we generally dismiss the petition indicating the basis, we have noticed that some courts simply deny the petition.
[6] Our decision today is in accord with that portion of our decision in Barwick v. State, 660 So.2d 685, 691 (Fla.1995), in which we held that an unelaborated denial in a prohibition petition filed in this Court seeking review of a trial court's refusal to grant a motion to disqualify would not constitute a denial on the merits unless the order stated that it was "with prejudice." For purposes of uniformity, we recede from that portion of our decision in Barwick in which we approved the Third District's practice of considering unelaborated denials in prohibition cases to be decisions on the merits. See id. To ensure that litigants and courts alike are clear as to the legal effect of unelaborated denial orders, henceforth, if a Florida court denies a writ petition with the intent that the denial be on the merits, language to that effect must be included in the order.