ROTHENBERG, Judge.
The defendant appeals the trial court’s denial of his Motion to Correct Sentencing Error pursuant to Florida Rule of Criminal Procedure 3.800(b). We affirm.
On August 14, 2001, the defendant entered into a negotiated plea and was sentenced: (1) to twelve and a half years incarceration as a Habitual Violent Offender for the offense of possession of a firearm by a violent career criminal in case number 00-21823; and (2) to twelve and a half years incarceration for violating his probation in case number 98-20088(B), concurrent to the sentence imposed in CO-21823.
The defendant claims that his sentences were “illegal” because he was never served with a Notice of Intent to Seek Enhanced Penalties; he was improperly sentenced as a habitual offender in case number 98-20099 (his possession case) when he was not placed on probation as a habitual offender; and under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), any factor that increases the penalty of a crime beyond the prescribed sentence must be submitted to a jury and proved beyond a reasonable doubt.
Rule 3.800(b) authorizes a motion to correct sentencing error before, or during, a direct appeal of a sentencing order. See Fla. R.Crim. P. 3.800(b)(l)(motion before appeal); Fla. R.Crim. P. 3.800(b)(2)(motion pending appeal). In this case the defendant’s sentences had become final and there was no pending appeal of the sentencing orders. It follows that Rule 3.800(b) was inapplicable. The trial court properly declined to entertain the motion as a Rule 3.800(b) motion and instead exercised its discretion to treat the motion as a motion for postconviction relief.
We conclude that the trial court correctly denied the defendant’s claim regarding lack of notice as this claim may not be raised in a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, Carter v. State, 786 So.2d 1173 (Fla.2001), and La-Mar v. State, 823 So.2d 231 (Fla. 4th DCA 2002), and is time-barred under Florida Rule of Criminal Procedure 3.850. Additionally, while the defendant only provided page eleven of the plea colloquy, the portion provided reflects that the defendant did receive notice:
Ms. Anton: Judge, the defendant was noticed that the State was intending to seek enhanced penalties on the defendant and it was served upon the defendant and defense counsel on July 18, 2000.
A review of the record also reflects that on June 14, 2004, the defendant previously raised this claim, which was denied by the trial court on October 19, 2004, and is thus procedurally barred by collateral estoppel. See Topps v. State, 865 So.2d 1253 (Fla.2004).
We find the defendant’s remaining two claims to likewise lack merit as he was not sentenced as a habitual offender for violating his probation in case number 98-20088(B), and Apprendi does not apply when the enhancement imposed was based upon prior convictions. See Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.
Affirmed.