WETHERELL, J.
Alan Rice appeals his conviction and sentence for aggravated battery, arguing that the trial court erred in denying his request for immunity under section 776.032, Florida Statutes (2008), which is commonly referred to as the Stand Your Ground law. We affirm on the basis of res judicata because this issue was raised in a pre-trial petition for writ of prohibition that was denied “on the merits” by this court in Rice v. State, (Fla. 1st DCA 2010), reported at 45 So.3d 466 (table).
In November 2008, Rice was involved in an altercation during which he stabbed Keith Bailey 13 times causing life-threatening injuries. Rice claimed that he acted in self-defense after being sprayed in the face with mace by Mr. Bailey’s brother. Rice testified that someone hit him after he was sprayed with mace, and the next thing he remembered was being on top of Mr. Bailey punching him. Rice testified that he did not recall stabbing Mr. Bailey.
Prior to trial, Rice moved to dismiss the charges under the Stand Your Ground law. The trial court denied the motion after an evidentiary hearing. Rice thereafter petitioned this court for a writ of prohibition, arguing that he was entitled to immunity from prosecution under the Stand Your Ground law. The petition acknowledged *930 that “the trial court followed the procedure dictated by Peterson [u State, 983 So.2d 27 (Fla. 1st DCA 2008)],” but argued that the court “erred in its determination that [Rice] was not entitled to immunity.” After issuing an order to show cause, and considering the State’s response which argued that the trial court correctly determined that Rice is not entitled to immunity under the Stand Your Ground law, this court denied the petition “on the merits.”
The case then proceeded to trial. The testimony at trial was consistent with that presented at the hearing on Rice’s motion to dismiss, and the jury was instructed on the issue of self-defense. The jury found Rice guilty as charged, implicitly rejecting his claim of self-defense. The trial court sentenced Rice to two years of community control followed by 13 years of probation. This timely appeal followed.
The only issue raised by Rice in this appeal is whether the trial court erred in denying his request for immunity under the Stand Your Ground law. Rice acknowledges that this issue was raised in the pre-trial prohibition proceeding, but he argues that the issue is not barred by res judicata because the petition in the prior case sought an order directing the trial court to grant the motion to dismiss, rather than an order prohibiting further prosecution. Thus, according to Rice, the denial of the petition “on the merits” was merely an indication that the petition sought relief more akin to mandamus than prohibition. This argument is meritless.
First, there is no indication that this court treated the petition as anything other than what it purported to be — a “Petition for Writ of Prohibition” — and there is no question that prohibition was the appropriate relief for Rice to seek after the trial court denied his motion to dismiss based on his claim of immunity under the Stand Your Ground law. See Tsavaris v. Scruggs, 360 So.2d 745, 747 (Fla.1977) (“Where a case is pending in the criminal court against a person claiming immunity ... it would be the duty of the criminal court involved to give effect to such immunity if it existed. Should the criminal court in such a case refuse to recognize the immunity the further action of that court in prosecuting the cause would amount to an excess of jurisdiction which then would be subject to restraint by prohibition.”) (quoting Buchanan v. State ex rel. Husk, 167 So.2d 38, 40 (Fla. 3d DCA 1964)). It is the nature of the relief sought, not the specific remedy requested, that determines which writ is appropriate, see Fla. R.App. P. 9.100(g)(3) (requiring an extraordinary writ petition to specify “the nature of the relief sought”), and the petition in the prior case was clearly seeking relief in the nature of prohibition, rather than mandamus. Moreover, even if the petition could somehow have been construed as seeking mandamus relief, this court was required to treat it as if it properly sought prohibition relief. See Fla. R.App. P. 9.040(c) (“If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought....”).
Second, in Topps v. State, 865 So.2d 1253 (Fla.2004), the supreme court reaffirmed that res judicata bars consideration of an issue in a subsequent proceeding where the issue was raised and denied on the merits in a prior extraordinary writ proceeding. The court held that an “une-laborated order” denying an extraordinary writ petition is not a decision on the merits that will bar consideration of the issues raised in the petition in a later proceeding, id. at 1257, and explained that “[w]hen a court intends to deny an extraordinary writ petition on the merits, the court need only include in its order a simple phrase such as “with prejudice’ or ‘on the merits’ to indicate that the merits of the case have been considered and determined and that the denial is on the merits.” Id. at 1258. *931 That is precisely what this court did in denying Rice’s petition for writ of prohibition; the opinion stated in full: “The petition for writ of prohibition is denied on the merits.” Rice, supra (emphasis added). The denial of the petition “on the merits” reflects this court’s determination that the trial court did not err in denying Rice’s claim of immunity under the Stand Your Ground law. Accordingly, res judicata bars re-litigation of the issue in this appeal.
Finally, even if the issue raised by Rice was not procedurally barred, we would affirm his conviction and sentence pursuant to Dennis v. State because, at this point, any error in the denial of the motion to dismiss is harmless. See 51 So.3d 456, 463-64 (Fla.2010) (affirming conviction despite trial court’s failure to hold a pre-trial evidentiary hearing on the defendant’s claim of immunity under the Stand Your Ground law because the defendant received a fair trial at which the jury implicitly rejected his self-defense claim that was based on the same evidence that would have been presented at the pre-trial hearing).
AFFIRMED.
THOMAS and MARSTILLER, JJ, concur.