# Supreme Court of Florida

_____

No. SC20-1098
_____

**CARLOS LORENZO JACKSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 31, 2020

PER CURIAM.

This case is before the Court on the petition of Carlos Lorenzo Jackson for a writ of mandamus. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const. By order dated September 22, 2020, we denied Jackson's petition pursuant to *Topps v. State*, 865 So. 2d 1253 (Fla. 2004). *See Jackson v. State*, No. SC20-1098 (Fla. Sept. 22, 2020). Concurrent with the denial of the petition, we expressly retained jurisdiction to pursue possible sanctions against Jackson. *Id.*; *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Jackson was convicted in the Eleventh Judicial Circuit (Miami-Dade County) case number 131977CF0347230001XX on three counts of kidnapping,

two counts of robbery with a deadly weapon, and two counts of sexual battery with a weapon or by force, for which he was sentenced to life imprisonment on April 20, 1984. Jackson was also convicted on one count of burglary of an occupied structure in Miami-Dade County, case number 131978CF0017510001XX, for which he was sentenced to five years' imprisonment on April 20, 1984. It is unclear whether Jackson appealed his convictions and sentences.

Jackson began filing petitions with the Court in 1999. Since that time, he has filed twenty-one previous petitions or notices, and all of these filings have been related to his convictions and sentences for the above-noted circuit court cases. We have never granted the relief sought in any of Jackson's filings, which have all been denied, dismissed, or transferred by the Court. This petition was no different. We denied the petition and directed Jackson to show cause why he should not be barred from filing any further requests for relief and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2019).

Jackson filed a response to the order to show cause in which he asserts that his claims are meritorious, so he should not be sanctioned. Upon due consideration of Jackson's response, we conclude that it fails to show cause why sanctions should not be imposed. Based on his persistent history of filing pro se petitions that were meritless or otherwise inappropriate for this Court's review, Jackson has

abused the judicial process and burdened this Court's limited judicial resources. We further conclude that Jackson's mandamus petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2019).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Carlos Lorenzo Jackson that are related to case numbers 131977CF0347230001XX or 131978CF0017510001XX, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Jackson's behalf if counsel determines that the proceedings may have merit and can be brought in good faith.

Furthermore, because we have found Jackson's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2019), to forward a copy of this opinion to the Florida Department of Corrections institution or facility in which Jackson is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

Original Proceeding – Mandamus

Carlos Lorenzo Jackson, pro se, Bowling Green, Florida,

for Petitioner

No appearance for Respondent