IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

NILOY THAKKAR AND
CHITTRANJAN K. THAKKAR,
     Appellants,

v.

Case No.  5D21-848
LT Case No. 2010-CA-015315-O

GOOD GATEWAY, LLC., A FLORIDA
LIMITED LIABILITY COMPANY,
ORLANDO GATEWAY PARTNERS,
LLC., A FLORIDA LIMITED COMPANY,
NILHAN HOSPITALITY, LLC., A FLORIDA
LIMITED LIABILITY COMPANY, ET AL.,
     Appellees.
_____/

Opinion filed November 18, 2022

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Matthew J. Conigliaro, of Carlton
Fields, P.A., Tampa, for Appellants.

John N. Bogdanoff, of The Carlyle
Appellate Law Firm, Orlando, for
Appellees, Good Gateway, LLC and
Orlando Gateway Partners, LLC.

No Appearance for Other Appellees.

SASSO, J.

Niloy Thakkar ("N. Thakkar") and Chittranjan K. Thakkar ("C. Thakkar") (collectively "the Thakkars") appeal the order granting summary judgment in favor of Good Gateway, LLC ("Good Gateway"), and SEG Gateway, LLC ("SEG") (collectively "the Gateway Companies"), contending the court erred in granting summary judgment because: (1) the complaint was not properly before the court; (2) res judicata and collateral estoppel do not apply; and (3) it relied on unpled theories of liability and unpled claims for relief. We find one of the Thakkars' arguments merits reversal. The trial court erred in granting summary judgment in favor of the Gateway Companies based on the application of res judicata and collateral estoppel because the operative complaint presents neither identical issues nor identical parties when compared to prior, related litigation.

BACKGROUND AND FACTS

While this case spans years of litigation, the relevant facts can be distilled to the following:

In 2015, Good Gateway obtained a $2,500,000.00 judgment against C. Thakkar, Orlando Gateway Partners, LLC ("OGP"), Nilhan Hospitality, LLC ("Nilhan"), Niloy & Rohan, LLC, and NCT Systems, Inc. At the same

2

time, SEG obtained a $15,376,435.58 judgment against C. Thakkar, Nilhan, and NCT Systems, Inc. Both final judgments were affirmed by this court.

In efforts to collect on the final judgments, and due to bankruptcy proceedings commenced by Nilhan and OGP, the Gateway Companies filed a "Supplemental Third Party Complaint for the Recovery of Fraudulent Transfers" ("the supplemental complaint") against Saloni Thakkar ("S. Thakkar"), Rohan Thakkar ("R. Thakkar"), N. Thakkar, Nilhan, RNT, LLC, and Saloni Thakkar, LLC. The supplemental complaint, raising twelve claims for actual and constructive fraud, referenced the "valid, outstanding, and unsatisfied" judgment lien certificates from the 2015 final judgments and alleged the judgment debtors had made fraudulent transfers to the impleader defendants. Pertinent to this appeal, counts V (constructive fraud) and VI (actual fraud) rested on allegations that C. Thakkar forgave debt owed to him by his sons, R. Thakkar and N. Thakkar, and that the loan forgiveness was actually a fraudulent transfer made with the intent to hinder, delay, or defraud the Gateway Companies and/or other creditors.

Ultimately, the supplemental complaint was, upon the Gateway Companies' motion, remanded to the Ninth Judicial Circuit in and for Orange County. After the cases were remanded to the Ninth Judicial Circuit, there was a dispute over whether Florida had jurisdiction over R. Thakkar. So, on

3

December 19, 2016, the Gateway Companies filed a separate lawsuit against R. Thakkar in New York ("the New York lawsuit").

The New York lawsuit, to which only R. Thakkar and the Gateway Companies were parties, raised similar fraudulent transfer claims against R. Thakkar based on the debt forgiven by C. Thakkar. The Gateway Companies sought, inter alia, a judgment avoiding the debt forgiveness, a money judgment against R. Thakkar, and attorney's fees. On April 17, 2019, the New York Supreme Court awarded the Gateway Companies a total of $3,653,199.16 against R. Thakkar, which was affirmed on appeal. The New York final judgment was subsequently domesticated in Florida, and the case proceeded in Orange County.

On January 24, 2020, the Gateway Companies filed a motion for summary judgment against C. Thakkar and N. Thakkar for counts V and VI of the supplemental complaint. They stated that the supplemental complaint raised claims of fraudulent transfer against C. Thakkar, R. Thakkar, and N. Thakkar, that the New York lawsuit raised the same claims against R. Thakkar, that all issues against N. Thakkar have been resolved in the New York final judgment, that the findings and conclusions of law in the New York final judgment are binding, and that the "same parties, claims and issues have been extensively litigated in both the Florida Action and the New York

4

Action." Thus, on the basis of res judicata and collateral estoppel, and to prevent further forum shopping, the Gateway Companies concluded that summary judgment against the Thakkars was appropriate.

On February 5, 2021, the Orange County court conducted a hearing on the motion for summary judgment, and on March 24, 2021, the Orange County court granted summary judgment in favor of the Gateway Companies. The court concluded that the findings and conclusions of law in the New York lawsuit were binding on the court, reasoning that the New York judgment was the result of the same parties as the Florida action. Thus, the court concluded that the New York lawsuit had "res judicata effect" on the Gateway Companies' claims against the Thakkars. This appeal follows.

ANALYSIS

"A trial court's ruling on a motion for summary judgment is subject to a *de novo* standard of review." *Baxter v. Northrup*, 128 So. 3d 908, 909 (Fla. 5th DCA 2013). "It is axiomatic that '[s]ummary judgment is proper [only] if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)).

On appeal, the Thakkars raise three arguments as to why the Orange County court erred in granting summary judgment, and we find merit in one:

5

the trial court erred in concluding that the principles of res judicata and collateral estoppel apply to bar their claims.

"The courts have developed the companion common law doctrines of res judicata and collateral estoppel for the three-fold purpose of 'reliev[ing] parties of the cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and, by preventing inconsistent decisions, encourag[ing] reliance on adjudication.'" *Fernandez v. Cruz*, 341 So. 3d 410, 412 (Fla. 3d DCA 2022) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). While courts have, on occasion, consolidated the elements comprising each, the doctrines are distinguishable. *Id.* A party seeking to invoke res judicata, also known as claim preclusion, must establish four identities: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." *Id.* (quoting *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004)). A party seeking to invoke collateral estoppel, also known as issue preclusion, must establish the following five elements: "(1) the identical issue was presented in a prior proceeding; (2) the issue was a critical and necessary part of the prior determination; (3) there was a full and fair opportunity to litigate the issue; (4) the parties to the prior action were identical to the parties of the current proceeding; and (5) the issue was

6

actually litigated." *Id.* (quoting *Marquardt v. State*, 156 So. 3d 464, 481 (Fla. 2015)).

Neither doctrine applies here because the Florida and New York actions do not share the same parties, which is an element common to both res judicata and collateral estoppel. *See id.* The Gateway Companies argue to the contrary, relying on *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir. 1975), for the proposition that "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Id.* at 719. The Gateway Companies argue that principle applies here because the Thakkar brothers' "interests" are so closely aligned as to be indistinguishable.

The Gateway Companies' argument misses the mark. Primarily, their argument relies on an ordinary meaning of "interest" rather than the legal interest required for non-parties to be bound to a judgment by virtue of issue preclusion. *Pollard v. Cockrell*, 578 F.2d 1002 (5th Cir.1978) illustrates this distinction. In *Pollard*, the Fifth circuit qualified its previous statement in *Aerojet* and held that "[v]irtual representation demands the existence of an express or implied legal relationship in which parties to the first suit are accountable to non-parties who file a subsequent suit raising identical issues." *Id.* at 1008 (emphasis added). And the *Pollard* court's

7

pronouncement is consistent with Florida cases as well. *See, e.g.*, *Fernandez*, 341 So. 3d at 413 (noting that "privity" for purposes of issue preclusion has been defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right"). So, while the term "parties" has been broadly interpreted to include more than just the record parties, to invoke the doctrine of res judicata or collateral estoppel, the non-party "must have an interest in the action such that she will be bound by the final judgment as if she were a party." *Id.* at 414 (quoting *Stogniew v. McQueen*, 656 So. 2d 917, 920 (Fla. 1995)).

Here, the parties in the New York and Florida cases were not the same. The only defendant in the New York lawsuit was R. Thakkar, the brother of Appellant N. Thakkar and the son of Appellant C. Thakkar. In their motion for summary judgment, the Gateway Companies did not present any argument that the brothers were, from a legal standpoint, in privity with each other. As a result, the summary judgment cannot be affirmed on these unasserted grounds. *E.g.*, *Lopez v. Avatar Prop. & Cas. Ins. Co.*, 313 So. 3d 230, 235 n.9 (Fla. 5th DCA 2021) (holding that a summary judgment cannot be affirmed on grounds not raised in the summary judgment motion). And while the trial court briefly referenced "privities" in its order granting summary

8

judgment, nothing in the record supports a determination that there was any legal relationship between the brothers sufficient to establish privity. So, because the parties in the Florida and New York cases were distinct, and the Gateway Companies did not argue the brothers had any legal relationship which would render N. Thakkar bound by the New York judgment, neither collateral estoppel nor res judicata apply.

The trial court erred in concluding the Thakkars' claims were barred by res judicata and collateral estoppel. As a result, we reverse the final summary judgment entered in favor of the Gateway Companies and remand for additional proceedings.

REVERSED and REMANDED.

COHEN, J., and ORFINGER, R. B., Senior Judge, concur.