# Supreme Court of Florida

———————

No. SC22-1388

———————

**LADON M. GREEN,**
Petitioner,

vs.

**RICKY D. DIXON, etc.,**
Respondent.

March 16, 2023

PER CURIAM.

LaDon Green, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court.[1] On December 1, 2022, we denied the instant petition and expressly retained jurisdiction to pursue possible sanctions against Green. *Green v. Dixon*, No. SC22-1388, 2022 WL 17347248 (Fla. Dec. 1, 2022); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Petitioner has failed to show cause why he should not be barred, and we sanction him as set forth below.

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

Green was convicted in Fourth Judicial Circuit, in and for Duval County, Florida, case number 162012CF007413AXXXMA of one count of armed robbery with a non-deadly weapon, for which he was sentenced to life imprisonment. Petitioner's conviction and sentence were per curiam affirmed on direct appeal by the First District Court of Appeal. *Green v. State*, 139 So. 3d 303 (Fla. 1st DCA 2014) (table). Since being sentenced in 2013, Petitioner has demonstrated a pattern of vexatious filing of meritless pro se requests for relief related to case number 162012CF007413AXXXMA and has been barred from filing pro se pleadings or other requests for relief in the district court.

Including the petition in the instant case, Petitioner has filed fourteen pro se petitions with this Court.[2] The Court has never granted Petitioner the relief sought in any of his filings here; each of the petitions were dismissed, denied, or transferred. His petition in this case is no exception. Petitioner argued that he was denied the right to counsel at critical stages of his trial and such counsel could have challenged the sufficiency of the evidence that led to his

---

2. *See Green v. Dixon*, No. SC22-1388, 2022 WL 17347248 (Fla. Dec. 1, 2022).

wrongful incarceration. On December 1, 2022, we denied the instant petition as repetitive pursuant to *Topps v. State*, 865 So. 2d 1253 (Fla. 2004), as he had previously raised this exact claim in two prior habeas petitions filed with the Court.

In response to this Court's show cause order, Petitioner continues to argue that he is wrongfully incarcerated based on the denial of counsel to him at critical stages of the proceedings. Petitioner states that he has filed the same claims multiple times, but only because no court has addressed the merits of those claims.

Upon consideration of Petitioner's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Petitioner's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is

taken, Petitioner will continue to burden the Court's resources. We further conclude that Petitioner's habeas petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2022).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by LaDon Green that are related to case number 162012CF007413AXXXMA, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Petitioner's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2022), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Petitioner is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Habeas Corpus

LaDon Green, pro se, Century, Florida,

-4-

for Petitioner

No appearance for Respondent