# Supreme Court of Florida

---

No. SC2023-0616

---

**JOSEPH LUIS LEVIN,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

October 26, 2023

PER CURIAM.

Joseph Luis Levin, an inmate in state custody, filed a pro se petition that was treated by the Court as a petition for writ of habeas corpus.[1] On June 20, 2023, we denied the instant petition and expressly retained jurisdiction to pursue possible sanctions against Levin. *Levin v. State*, No. SC2023-0616, 2023 WL 4078870 (Fla. June 20, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Levin has failed to show cause

---

1. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const.

why he should not be barred, and we sanction him as set forth below.

Levin was convicted in Fourth Judicial Circuit case number 452013CF000958CFAXYX of six counts of lewd and lascivious sexual battery of a victim 12-15 years old and sentenced to six years' imprisonment for each count. He was also convicted of lewd and lascivious exhibition using a computer and traveling to meet a minor for sex and sentenced to four years' imprisonment for each. Since being sentenced in 2015, Levin has demonstrated a pattern of vexatious filing of meritless pro se requests for relief related to case number 452013CF000958CFAXYX.

Including the petition in the instant case, Levin has filed nineteen pro se petitions with this Court. The Court has never granted Levin the relief sought in any of his filings here; each of the petitions was dismissed, denied, or transferred. His petition in this case is no exception. Levin argued that the State presented false information during the plea colloquy in his case. On June 20, 2023, we denied the instant petition as repetitive pursuant to *Topps v. State,* 865 So. 2d 1253 (Fla. 2004), as he had previously raised

this exact claim in a prior habeas petition filed with the Court. *See Levin*, 2023 WL 4078870, at *1.

In response to this Court's show cause order, Levin asks this Court to discharge the order to show cause as it has served as a sufficient warning to him. However, Levin has since filed a new petition for writ of habeas corpus with this Court, case number SC2023-1063.

Upon consideration of Levin's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Levin's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Levin will continue to burden the Court's resources. We further conclude that Levin's habeas petition filed in this case is a

frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Joseph Luis Levin that are related to case number 452013CF000958CFAXYX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Levin's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Levin is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Mandamus

Joseph Luis Levin, pro se, Monticello, Florida,

for Petitioner

No appearance for Respondent