# Supreme Court of Florida

────────

No. SC2023-0980

────────

**TODD E. WATSON,**
Petitioner,

vs.

**SHEVAUN HARRIS, etc.,**
Respondents.

January 11, 2024

PER CURIAM.

Todd E. Watson, an inmate in state custody, filed a pro se petition for writ of habeas corpus.[1]  On September 26, 2023, we denied the instant petition and expressly retained jurisdiction to pursue possible sanctions against Petitioner.  *Watson v. Harris*, No. SC2023-0980, 2023 WL 6236809 (Fla. Sept. 26, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  We now find that Petitioner has failed to show cause why he should not be barred, and we sanction him as set forth below.

────────────────

    1.  We have jurisdiction.  *See* art. V, § 3(b)(9), Fla. Const.

Petitioner was convicted in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, case number 132017CF0187890001XX of two counts of threats/extortion and five counts of stalking and sentenced to 364 days imprisonment followed by a five-year probationary period. Since being sentenced in 2019, Petitioner has demonstrated a pattern of vexatious filing of meritless pro se requests for relief related to case number 132017CF0187890001XX.

Including the petition in the instant case, Petitioner has filed eight pro se petitions with this Court. The Court has never granted Petitioner the relief sought in any of his filings here; each of the petitions was dismissed, denied, or transferred. His petition in this case is no exception. Petitioner argued that the Eleventh Judicial Circuit lacked jurisdiction to accept his plea because the executive order transferring jurisdiction had expired. On September 26, 2023, we denied the instant petition as repetitive pursuant to *Topps v. State,* 865 So. 2d 1253 (Fla. 2004), as Petitioner had previously raised this exact claim in a prior habeas petition filed with the Court. *See Watson v. Harris*, No. SC2023-0980, 2023 WL 6236809

(Fla. Sept. 26, 2023) (citing *Watson v. Reyes*, No. SC2023-0510, 2023 WL 4094719 (Fla. June 21, 2023)).

In response to this Court's show cause order, Petitioner again argued that the Eleventh Judicial Circuit lacked jurisdiction to accept his plea because the executive order transferring jurisdiction had expired.

Upon consideration of Petitioner's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Petitioner's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Petitioner will continue to burden the Court's resources. We further conclude that Petitioner's habeas petition filed in this case

- 3 -

is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2023).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Todd E. Watson that are related to case number 132017CF0187890001XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Petitioner's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2023), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Petitioner is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Habeas Corpus

Todd E. Watson, pro se, Chattahoochee, Florida,

for Petitioner

No appearance for Respondents