PER CURIAM.
Because the plaintiff homeowners [Lorenzo and Rosary Lorenzo] (a) agreed to both a bifurcation of the legal and equitable claims in this action as well as a non-jury trial of the equitable claims first, and (b) interjected legal issues, over objection, by way of defense in the trial of the equitable claims brought by the defendanVcounterclaimant contractors [Associated Trade Investments, Inc., Matt Birson, Fontanills Enterprises, Inc., and Phillip Fontanills] in that the plaintiffs of *1280 fered evidence at trial raising such defenses, we conclude that the plaintiffs tried the legal issues by consent in the non-jury equitable action. Accordingly, the trial court did not commit error, as urged, in resolving the legal issues raised by the plaintiffs at the non-jury trial of the equitable claims, in entering judgment for the defendants on their equitable claim, and in later entering a summary judgment for the defendants on the plaintiffs’ legal claims based on the collateral estoppel effect of the trial court’s factual findings in the non-jury trial on the equitable claims. Moreover, we find no stipulation in the record that there was to be no collateral estop-pel effect to the trial court’s factual findings on the equitable claims at the non-jury trial. R.D.J. Enters., Inc. v. Mega Bank, 600 So.2d 1229 (Fla. 3d DCA), rev. denied, 609 So.2d 40 (Fla.1992).
Affirmed.