669 So.2d 304 (1996)
Thomas D. UTTERBACK, Appellant,
v.
Susan D. STARKEY and Jack Martin Coe, Appellees.
No. 95-2440.
District Court of Appeal of Florida, Third District.
February 28, 1996.
Rehearing Denied March 27, 1996.
*305 Rhea P. Grossman, Miami, for appellant.
Arthur J. Morburger and Stephen M. Zukoff, Miami and Michael Levin; Jack Martin Coe, for appellees.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
SCHWARTZ, Chief Judge.
The former husband appeals from adverse post-dissolution judgments requiring him to pay attorney's fees and costs to his former wife and to the court-appointed guardian ad litem of their children. His sole contention is that she, not he, is liable for these expenses because, he argues, he was the "prevailing party" in the underlying litigation under the terms of a court-approved stipulation between the parties that the "prevailing party is entitled to attorney's fees and costs." See Moritz v. Hoyt Enters., 604 So.2d 807 (Fla. 1992); Dean v. Dean, 655 So.2d 243 (Fla. 3d DCA 1995). We affirm because of the effect of a previous similar judgment for other costs and feeswhich Utterback voluntarily satisfied without appellate challengeentered against him (obviously under section 61.16, Florida Statutes (1993); see Dean, 655 So.2d at 243) on the express holding, made in response to his specific contention to the contrary on rehearing, that there had been in fact no "prevailing party" in the case with the result that the stipulation did not apply.
Under that aspect of the doctrine of res judicata, often called "collateral estoppel," which precludes relitigation of issues already finally determined, Utterback was foreclosed below and is foreclosed here from contrarily claiming that he indeed "prevailed."[1]Stogniew v. McQueen, 656 So.2d 917 (Fla.1995); Stanton v. Stanton, 60 So.2d 273 (Fla.1952); 32 Fla.Jur.2d Judgments & Decrees §§ 125-126 (1994). In this respect, it does not matter that the issue-preclusive effect of the earlier adjudication is asserted later in the same case, rather than in separate, subsequent litigation. Probably because res judicata principles in general apply only to final, appealable determinations, see 33 Fla.Jur.2d Judgments & Decrees § 173 (1994), and successive final judgments in the same case are at least unusual, see Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987), it is true that the principle is often broadly and imprecisely stated as applying in subsequent "suits" or "actions." See 32 Fla.Jur.2d Judgments and Decrees § 140. Nevertheless, when there is indeed a final earlier adjudication,[2] its "effect ... as res judicata is not confined in its operation to subsequent independent proceedings, but also applies to all collateral proceedings in the same action."[3] 46 Am.Jur.2d Judgments § 596 (1994); accord Hicks v. Hicks, 26 Tenn.App. 641, 176 S.W.2d 371 (1943); 2 A.C. Freeman, A Treatise of the Law of Judgments *306 § 627a, at 1325 (Edward W. Tuttle ed., 5th ed. 1925) ("It is essential, however, that an adjudication be final and not merely interlocutory, in order that it may operate as an estoppel."); see also Lorenzo v. Associated Trade Inv., Inc., 625 So.2d 1279 (Fla. 3d DCA 1993); Sundale Assocs., Ltd. v. Southeast Bank, N.A., 471 So.2d 100, 103-104 (Fla. 3d DCA 1985), and cases cited.
Affirmed.
NOTES
[1] It is probably small comfort to the appellant that, since the case involved his successful efforts, as the children's custodial parent, to restrict and regulate the mother's severely abused visitation rights, he may well have been right all along on the merits of the prevailing party issue. Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807 (Fla.1992); Green Cos., Inc. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995); Foley v. Fleet, 652 So.2d 962 (Fla. 4th DCA 1995).
[2] The previous money judgment is identical in form to and thus "just as" appealable as those now before us. See Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So.2d 78 (Fla.1976); Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co., 483 So.2d 852 (Fla. 5th DCA 1986).
[3] The law on this point turned out to be quite to the contrary of the view the writer so confidently expressed at oral argument.