927 So.2d 224 (2006)
M.C.G., a child, and T.G. and M.G. individually and on behalf of M.C.G., Appellants,
v.
HILLSBOROUGH COUNTY SCHOOL BOARD, Appellee.
No. 2D05-154.
District Court of Appeal of Florida, Second District.
May 3, 2006.
*225 Rebecca O'Dell Townsend of Haas, Dutton, Blackburn, Lewis & Longley, P.L., Tampa, for Appellants.
Thomas M. Gonzalez, Gregory A. Hearing, and Allison E. Rehmeyer of Thompson, Sizemore & Gonzalez, Tampa, for Appellee.
CANADY, Judge.
In this case arising under the Individuals with Disabilities Education Act (IDEA),[1] the appellants, M.C.G. and his parents, appeal a final agency order denying his request for compensatory speech therapy to be provided by the Hillsborough County School Board. Because the dispositive legal issue presented here has previously been decided  adversely to the appellants  in another case between the same parties that was reviewed in this court, we conclude that the appellants are precluded from relitigating the issue in this proceeding.

Background
M.C.G. is an autistic child who was enrolled full-time with the School Board until September 2000, when his parents withdrew him and placed him in a home education program because, the appellants allege, the individualized education program provided by the School Board was inadequate. Since then, M.C.G. has been enrolled part-time with the School Board in order to supplement his home education program. The appellants requested a due process hearing pursuant to the IDEA in Division of Administrative Hearing (DOAH) case number 01-0745E, claiming that the School Board failed to provide an appropriate education for M.C.G.
While that due process hearing was pending, in 2003 the appellants requested a separate due process hearing in DOAH *226 case number 03-1265E, alleging that the School Board failed to provide services to M.C.G. under the IDEA. The administrative law judge (ALJ) denied the request, concluding that M.C.G. is "not entitled under the IDEA to inclusion services while [M.C.G.] is a full-time student in a home education program, and DOAH has no authority to require [the School Board] to provide such inclusion services to" M.C.G. The appellants appealed, and this court affirmed the ALJ's order. See M.C.G. v. Hillsborough County Sch. Bd., 902 So.2d 150 (Fla. 2d DCA 2005) (table).
Later in 2003, the appellants requested a due process hearing in DOAH case number 03-3200E to determine if M.C.G. is entitled under the IDEA to compensatory speech therapy that the School Board failed to provide during the beginning of the 2003-2004 school year. The ALJ concluded that "[M.C.G.] is not entitled under the IDEA to speech therapy services or [a free appropriate public education] while [M.C.G.] is in a full-time home education program and in public school as a part-time student." The appellants did not appeal that order.
In October 2004, the appellants filed another request for a due process hearing in DOAH case number 04-4070E, this time to determine if M.C.G. is entitled under the IDEA to compensatory speech therapy that the School Board failed to provide during a five-week period in the beginning of the 2004-2005 school year. The ALJ held a hearing and concluded that the appellants' claim is barred by the doctrines of collateral estoppel and res judicata based on the order in DOAH case number 03-3200E. The ALJ also concluded that even if the claim was not barred, M.C.G. would not be entitled to compensatory speech therapy under the IDEA because he is enrolled in a full-time home education program. The appellants appeal this order in the instant proceeding.

Argument on Appeal
On appeal, the appellants claim that the ALJ erred in determining that M.C.G. is not entitled to services under the IDEA. The School Board responds that the appellants' request for services is barred by the doctrines of collateral estoppel and res judicata and that M.C.G. is not entitled to services under the IDEA. The appellants reply that because the time period in question in the instant case is different from the time period dealt with in the previously litigated cases, the decisions in the prior cases have no preclusive effect here. The appellants also contend, based on J.S.K. v. Hendry County School Board, 941 F.2d 1563 (11th Cir.1991), that because the order in DOAH case number 03-3200E did not receive judicial review, it should not be given preclusive effect.

Analysis
"The doctrine of collateral estoppel  which is also known as issue preclusion and estoppel by judgment  `bars relitigation of the same issues between the same parties in connection with a different cause of action.'" Cook v. State, 921 So.2d 631, 634 (Fla. 2d DCA 2005) (quoting Topps v. State, 865 So.2d 1253, 1255 (Fla.2004)) (emphasis added). "The doctrine thus comes into play in a case when, in an earlier proceeding involving a different cause of action, the `same parties' litigated the `same issues' that are presented once again for decision." Id. "`[T]he judgment in the first suit ... estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation.'" Stogniew v. McQueen, 656 So.2d 917, 919 (Fla.1995) (quoting Gordon v. Gordon, 59 So.2d 40, 44 (Fla.1952)). "The determination must be essential to the prior *227 adjudication in order to be given preclusive effect." Cook, 921 So.2d at 634. The doctrine is applicable to administrative proceedings. Id.; see also Restatement (Second) of Judgments § 83 (1982). Ordinarily, a determination that has become final in a prior case will be given preclusive effect even if it has not been subjected to appellate review. See Restatement (Second) of Judgments §§ 27, 28(1), cmt. a.; see also Restatement (Second) of Judgments § 83.
In 2003, the parties to this case litigated in DOAH case number 03-1265E whether M.C.G. was entitled to services under the IDEA. The determination of whether M.C.G.  as a student in a full-time home education program  was entitled to services under the IDEA was essential to the prior adjudication and is the same issue presented in this appeal. The ALJ's conclusion in DOAH case number 03-1265E was affirmed by this court. See M.C.G., 902 So.2d 150. Under the doctrine of issue preclusion, the appellants may not relitigate this issue that was previously litigated.
It is true that the claim in DOAH case number 03-1265E presented a different cause of action than the claim in DOAH case number 03-4070E  the case now on appeal  because the respective cases dealt with different time periods. The doctrine of res judicata  which requires that the second suit present the identical cause of action[2] as was previously litigated  is not applicable where the claims in the two cases concern different periods of time. Identity of causes of action "means an identity of the facts essential to the maintenance of the action." City of Miami Beach v. Prevatt, 97 So.2d 473, 477 (Fla.1957); see also Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841, 843 (1943). A cause of action to establish entitlement to services under the IDEA by its nature pertains to a particular period of time and is based on the factual circumstances at that time.
But the variation in the time periods at issue in the two cases  which prevents application of the doctrine of res judicata  is not an impediment to application of the doctrine of issue preclusion, at least where there has been no material change of circumstances. Here, there is no suggestion of any change in the relevant circumstances from the time period addressed in the earlier case appealed to this court to the time period at issue in the current appeal. In both the earlier case and this case, the dispositive question was whether a student in a full-time home education program was entitled to services under the IDEA. M.C.G.'s status as a student in a full-time home education program was the same in both cases.
This case thus falls squarely within the purpose of the doctrine of issue preclusion: "prevent[ing] repetitious litigation of what is essentially the same dispute." Restatement (Second) of Judgments § 27, cmt. c. Although "there is a lack of total identity between the matters involved in the two proceedings because the events in suit took place at different times," here "the overlap is so substantial that preclusion is plainly appropriate." Id. "[I]n the absence of a showing of changed circumstances, a determination that ... a person was [entitled to services under the IDEA] in one year will be conclusive with respect *228 to the next [year] as well." Id. The appellants thus are precluded from relitigating the issue.
Given our conclusion regarding the preclusive effect of the determination made in the case that we previously reviewed, we need not consider whether the unreviewed decision in DOAH case number 03-3200E has preclusive effect.

Conclusion
Based on the determination made in the appellants' case that we previously considered, we conclude that the appellants' claim for compensatory speech therapy is barred by the doctrine of collateral estoppel.
Affirmed.
STRINGER and KELLY, JJ., Concur.
NOTES
[1] 20 U.S.C. § 1400, et seq.
[2] "The doctrine of res judicata applies when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." Topps v. State, 865 So.2d 1253, 1255 (Fla.2004). Res judicata can also preclude the litigation of claims that "could have been" litigated in a previous case. Id.