PER CURIAM.
William Todd Larimore petitions the court for prohibition relief, contending that the circuit court erred in denying his motion to dismiss a pending petition seeking his involuntary commitment as a sexually violent predator under the Jimmy Ryce Act, sections 394.910- 931, Florida Statutes (2010). We previously denied Lari-more’s petition by unpublished order, but now write to explain the basis for our ruling.
In brief, Larimore entered pleas in 1991 to charges of lewd and lascivious acts on a child. While he was still in the custody of the Department of Corrections, the state filed a petition with the circuit court in 2004 seeking to have Larimore involuntarily committed pursuant to the Ryce Act. In Larimore v. State, 2 So.3d 101 (Fla. 2008), however, the supreme court held that a jurisdictional prerequisite to a viable cause of action for commitment under the Ryce Act is that the individual be in lawful custody when the state initiates commitment proceedings. Finding under the unique facts described in its opinion that Larimore was not in lawful custody when the commitment proceeding was commenced, the court concluded that the circuit court lacked jurisdiction to adjudicate the commitment petition before it. The court thus held as follows:
Because Larimore was not in legal custody when initial steps were taken to initiate civil commitment proceedings against him in this case, the state’s commitment petition is hereby dismissed with prejudice and Larimore shall be immediately released from any custody or commitment imposed as a result of the Jimmy Ryce Act proceedings that are the subject of this decision.
Id. at 117.
Larimore was released from custody, but was later charged with new offenses, pled guilty and was sentenced to a term of imprisonment. As a consequence he once again finds himself in the custody of the Department of Corrections. In a July 2011 letter, the Sexually Violent Predator Program’s Multidisciplinary Team found based on its review (which included clinical evaluations conducted in May and June 2011 in which Larimore refused to participate) that petitioner meets the criteria to be considered a sexually violent predator and recommended that a petition seeking his commitment under the Ryce Act be filed. The state filed such a petition in August 2011, relying on facts and assessments derived from the 2011 evaluation as well as the same qualifying lewd and lascivious act convictions that were relied *1123 upon in the 2004 petition. Larimore moved to dismiss the new petition, arguing that principles of res judicata and collateral estoppel barred the state from proceeding on the new petition. Following a brief hearing, the trial court denied the motion to dismiss, finding that the dismissal of the 2004 petition was not a decision on the merits of whether Larimore was a sexually violent predator, and the state was therefore not barred from proceeding on the new petition.
In support of his request for prohibition relief, Larimore argues, as he did to the circuit court, that the supreme court was clear in its 2008 decision that the petition filed in 2004 was dismissed “with prejudice,” thereby putting to rest all justiciable issues in this case. Accordingly, the doctrines of res judicata or collateral estoppel bar the state’s present attempt to commit him under the Ryce Act. We conclude otherwise.
The doctrine of res judicata applies only when several conditions are shown to exist, including identity of the prior and current causes of action. See Dadeland Depot. Inc. v. St. Paul Fire & Marine Ins. Co., 945 So.2d 1216, 1235 (Fla. 2006). The effect of res judicata extends only to facts and conditions as they existed at the time the prior court rendered its judgment. See Saadeh v. Stanton Rowing Found., Inc., 912 So.2d 28, 31 (Fla. 1st DCA 2005). Identity of causes of action for purposes of res judicata “means an identity of the facts essential to the maintenance of the action.” See M.C.G. v. Hillsborough County Sch. Bd., 927 So.2d 224, 227 (Fla. 2d DCA 2006). Such an identity does not exist here. Under the supreme court decision on which he relies, lawful custody is plainly a fact essential to the maintenance of a Jimmy Ryce action, inasmuch as the court specifically held that “the Act requires that the individual be in lawful custody when the commitment proceedings are initiated.” Larimore, 2 So.3d at 117. Indeed, the earlier proceeding was deemed fatally defective precisely because Larimore was not in lawful custody at the time it was commenced. The present petition, in contrast, is jurisdictionally predicated on Larimore’s lawful custody occurring after the 2004 petition was dismissed. Moreover, commitment under the Ryce Act requires a showing that the respondent presently “suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.” § 394.912(10), Fla. Stat. (2010). While the qualifying offenses making Larimore eligible for commitment may be the same, his current mental condition obviously could not have been at issue during the earlier proceedings, nor for that matter was the question of his condition even reached in that proceeding.
The doctrine of collateral estop-pel likewise does not bar the proceedings below. Although collateral estoppel may be applied to bar subsequent causes of action even where the second claim requires proof of different essential facts than those required to be proved in the initial suit, an identical issue must have been presented in the prior proceeding, the issue must have been a critical and necessary part of the prior determination, there must have been a full and fair opportunity to litigate that issue, and the issue must have been actually litigated. See Felder v. Dept. of Mgmt. Serv., 993 So.2d 1031, 1034-35 (Fla. 1st DCA 2008). The only issue fully and actually litigated with respect to the earlier petition concerned the lawful custody requirement, and inasmuch as the state is not relying on Larimore’s earlier custody to satisfy the jurisdictional prerequisite to pursuing its *1124 present petition, collateral estoppel does not apply here.
On the basis of the foregoing, we conclude that the circuit court properly denied Larimore’s motion to dismiss.
VAN NORTWICK, THOMAS, and RAY, JJ., concur.