ALTENBERND, Judge.
Atef Zakhary, M.D., and Heba Zakhary, his wife (“the Zakharys”), appeal a final summary judgment in their action against Raymond Thompson PSM, Inc.; its employee, Eric Blackburn; and Raymond Thompson individually (collectively “Raymond Thompson”). We reverse and remand for further proceedings.
The Zakharys filed a lawsuit against Raymond Thompson, which is a land surveying company, alleging a claim of professional malpractice. The Zakharys allege that Raymond Thompson negligently prepared a survey for their next-door neighbors, resulting in damage to the Zakharys. Raymond Thompson obtained a summary judgment by convincing the trial court that the outcome of an earlier lawsuit estopped the Zakharys from pursuing this claim. Thus, to understand the error that requires reversal in this case, we must first discuss the underlying lawsuit.
*1149 I. The Lawsuit between the Neighbors
The Zakharys have owned residential property on Davis Islands in Tampa since 2003. When they purchased this property, there was an old fence between their property and a neighboring lot, which ran roughly east to west. At the time, no one was concerned about whether the fence was precisely on the lot line. If good fences truly make good neighbors, this was not a good fence.
The Zakharys tore down their existing home in 2004 in order to construct a new, larger home, which was to be built right up to the setback line that ran roughly parallel to the fence. The Zakharys apparently obtained their building permit and prepared their lot plan based on a survey of the property that they obtained from a qualified surveyor.
When the Zakharys began construction on their home, their neighbors on the other side of the fence objected. The neighbors claimed that the Zakharys were building the home over the setback line. The neighbors relied on a survey prepared for them by Raymond Thompson in 2003, when they were building an addition to their house. The difference between the two surveys is slight. In essence the dif-. ference involves the placement of the boundary at the west corner of the fence. The dispute at that location involves a difference of 2 1/2 feet. This difference creates a disputed territory that is a skinny triangle of land about 2 1/2-feet wide at the west corner of the properties and coming to a point at the east corner. Although it may involve less than 200 square feet of land, the difference of even a few inches affects the setback line.
The disagreement between the neighbors was not quickly resolved. Construction was halted on the home. Eventually, the neighbors sued the Zakharys. The Zakharys unsuccessfully attempted to add Raymond Thompson to that lawsuit. Following a day of court-ordered mediation in May 2006, the Zakharys and their neighbors reached a handwritten settlement agreement. Raymond Thompson was not a party to this agreement. The mediated settlement did not involve an agreement to quiet title along any specified property line that the parties agreed to be correct.
The agreement between the two neighbors provided that the Zakharys would execute and deliver “commercially reasonable transfer documents” so that their neighbors would have fee simple title to the disputed triangle created by the discrepancy between the two surveys. Thus, the agreement anticipated that the line established by the Raymond Thompson survey would ultimately define the property line between these two lots but would not otherwise affect the description of the property owned by the Zakharys. The agreement further contemplated the creation of a perpetual use easement and the building of a wall between the properties on the line established by the Raymond Thompson survey.
When the parties attempted to establish this line for the new wall, a dispute arose over how to interpret the Raymond Thompson survey to create an actual line on earth. This resulted in efforts to enforce the mediated settlement in court. Following an initial ruling on the issue, Judge Pendino, who was the presiding judge in the earlier action, agreed to rehear the matter and conducted an extensive, day-long evidentiary hearing. Significantly, on April 8, 2008, at the beginning of the evidentiary hearing, counsel for the Zakharys explained that the judge would be hearing from the surveyors during testimony that day but that “the purpose of the survey testimony is not to determine which survey is right and which is wrong.” He explained that the surveyors were tes *1150 tifying to demonstrate confusion over the location of the west corner — a confusion that the Zakharys believed caused the parties not to have reached a meeting of the minds at the time of the mediation. The attorney for the neighbors immediately agreed that the parties were not litigating a boundary dispute at the hearing.
Ultimately, Judge Pendino ruled in favor of the neighbors on May 6, 2008. He enforced the settlement agreement. The final judgment adjudged that “based on the evidence presented and tried in connection with the settlement enforcement proceedings, ... the property line dividing [the two lots] is determined by the boundary survey prepared by Raymond Thompson.”
The Zakharys appealed that ruling. Raymond Thompson was not a party to the appeal. This court affirmed the trial court’s ruling without a written opinion. See Zakhary v. Giammarco, 16 So.3d 142 (Fla. 2d DCA 2009) (table decision).
II. The Lawsuit against Raymond Thompson
Following the loss of the dispute between the neighbors, the Zakharys brought this action against Raymond Thompson. It alleges that the Raymond Thompson survey was negligently prepared. The complaint claims that this professional negligence caused the Zakharys to suffer economic damages, including costs associated with the delay in construction and the expense involved in defending the lawsuit brought by the Zakharys’ neighbors.
Raymond Thompson moved for summary judgment, arguing that the outcome of the earlier lawsuit precluded this lawsuit. It argued that the validity or accuracy of its survey was established in the earlier lawsuit and that this case is barred either by collateral estoppel or judicial es-toppel. The trial court was persuaded by this argument and granted summary judgment.[1]
In fairness to the trial court in this case, the final judgment in the earlier lawsuit is confusing on its face. The style of the final judgment shows Raymond Thompson as a third-party defendant. But it is clear that Raymond Thompson was not a party to either the settlement agreement or the lawsuit when the final judgment was entered. Apparently, the style of the final judgment merely reflects the unsuccessful effort to join Raymond Thompson as such. Thus, no issue between these parties was directly resolved in the earlier lawsuit.
Perhaps more importantly, the accuracy of the Raymond Thompson survey has never been litigated. As explained earlier, the lawyers in the underlying action made that very clear to Judge Pendino. His judgment merely stated: “[Biased on the evidence presented and tried in connection with the settlement enforcement proceedings, ... the property line dividing [the two lots] is determined by the boundary survey prepared by Raymond Thompson.” It is determined by that line because of the agreement reached in mediation, not because any court has determined the Raymond Thompson survey to be accurate.
Accordingly, the trial court erred in granting summary judgment on any theory of estoppel. Judicial estoppel is an equitable doctrine that authorizes judges to prevent, litigants from taking totally inconsistent positions in separate judicial or quasi-judicial proceedings. Blumberg v. USAA Cas. Ins. Co., 790 So.2d 1061, 1066 *1151 (Fla.2001). This doctrine is inapplicable because the Zakharys are not asserting a position that is inconsistent with that which they took in the prior litigation. Equitable estoppel is inapplicable as well because the Zakharys have made no representation of material fact contrary to the position they now assert, and Raymond Thompson has not relied or changed its position to its detriment based on any representation by the Zakharys. See Win-ans v. Weber, 979 So.2d 269, 274-75 (Fla. 2d DCA 2007). Finally, collateral estoppel is inapplicable because this case does not involve relitigation of the same issues by the same parties in a different cause of action. See M.C.G. v. Hillsborough Cnty. Sch. Bd, 927 So.2d 224, 226 (Fla. 2d DCA 2006). For these reasons, we must reverse and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., Concur.

. In its order granting Raymond Thompson’s motion for summary judgment, the trial court clarified that the basis for its decision was "judicial estoppel or equitable estoppel, not collateral estoppel.”