MORRIS, Judge.
Michael Ward appeals the denial of his petition for writ of habeas corpus, which he filed in DeSoto County seeking his release from civil commitment under the Jimmy Ryce Act. We write to explain the reasons we affirm the denial of Ward’s petition.
I. Background
The early procedural history of this case is set out in Ward v. State, 986 So.2d 479, 480 (Fla.2008):
Michael Ward pled guilty to two separate acts of rape in 1969 and two more in 1976. In 1983, the Third District reversed the 1969 convictions because counsel had misadvised Ward about the consequences of his guilty plea. Ward was released from prison on the 1976 offenses in 1998. In January 2004, Ward was sentenced to thirty-six months in state prison for burglary of an occupied conveyance and possession of burglary tools. No sexual offense was involved in the burglary charge.
*227 Id. (citations omitted). While Ward was serving his thirty-six-month sentence for burglary, the State filed its petition for civil commitment in Miami-Dade County in 2005. Ward filed a petition for writ of prohibition, claiming he did not qualify for such commitment because “he was not in custody for a sexually violent offense.” The supreme court rejected his argument and held that he “was subject to the [Jimmy Ryce] Act based on his prior convictions for sexually violent offenses and his current confinement in state custody.” Id. at 483-84.
After the supreme court issued its opinion, the State’s commitment proceeding recommenced in Miami-Dade County. In January 2011, a jury found Ward to be a sexually violent predator and the circuit court in Miami-Dade County entered an order civilly committing Ward pursuant to section 394.917, Florida Statutes (2004). He appealed to the Third District in case 3D11-208. While his appeal was pending, Ward filed the petition for writ of habeas corpus in DeSoto County, where he is housed. See generally Fla. R. Civ. P.— S.V.P. 4.460 (providing that all habeas petitions not raising ineffective assistance of counsel should be filed in the county where the detainee is housed). The circuit court in DeSoto County denied his petition in January 2012. Then, in July 2012, the Third District per curiam affirmed the order finding him to be a sexually violent predator and civilly committing him under the Jimmy Ryce Act. Ward v. State, No. 3D11-208, 2012 WL 2826802 (Fla. 3d DCA July 11, 2012) (table decision).
II. Analysis
Ward argues on appeal — as he did in his petition below — that the doctrines of collateral estoppel and res judicata barred the State from seeking his commitment under the Jimmy Ryce Act in 2011. He contends that the State was unsuccessful in having him committed in two earlier proceedings — one in 1976 and one in 2001 — and that the issue cannot be litigated again.
The doctrine of res judicata applies when there is “identity of the prior and current causes of action,” which “ ‘means an identity of the facts essential to the maintenance of the action.’ ” Larimore v. State, 76 So.3d 1121, 1123 (Fla. 1st DCA 2012) (quoting M.C.G. v. Hillsborough Cnty. Sch. Bd., 927 So.2d 224, 227 (Fla. 2d DCA 2006)). In order for the doctrine of collateral estoppel to apply, “an identical issue must have been presented in the prior proceeding, the issue must have been a critical and necessary part of the prior determination, there must have been a full and fair opportunity to litigate that issue, and the issue must have been actually litigated.” Id.
We first turn to the 2001 proceeding. The State was not barred by the principles of res judicata or collateral es-toppel from seeking Ward’s commitment in 2011 because Ward’s current mental state was not an issue in the 2001 proceeding. According to Ward, the circuit court did not commit him in 2001 because the circuit court found that he was not in lawful custody for purposes of the Jimmy Ryce Act. In Larimore, a petition for commitment had been previously dismissed because Larimore had not been in lawful custody for purposes of the Jimmy Ryce Act. Id. at 1122. Later, when Larimore was in lawful custody, the State filed a second petition seeking commitment under the Jimmy Ryce Act, and the First District held that the principle of res judicata did not bar the State’s second petition because the question of Larimore’s mental condition was never reached in that earlier proceeding. Id. at 1123. In addition, the principle of collateral estoppel did not bar the second petition because “[t]he only issue fully and *228 actually litigated with respect to the earlier petition concerned the lawful custody requirement,” which was not an issue in the second proceeding. Id. Here, the only issue that was decided in Ward’s 2001 proceeding, i.e., Ward’s lawful custody, was not an issue in the 2011 proceeding.
We now turn to the 1976 proceeding, in which the State was unsuccessful in having Ward committed as a “mentally disordered sex offender” under sections 917.13 through 917.28, Florida Statutes (1975). As the State argues on appeal, a person qualifies for Jimmy Ryce commitment based on his or her current mental condition. See § 894.912(10)(b), Fla. Stat. (2004) (providing that a sexually violent predator “[s]uffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment”); Westerheide v. State, 831 So.2d 93, 100 (Fla.2002) (holding that “involuntary commitment under the Ryce Act is based upon an individual’s current mental state that makes it likely the person will engage in acts of sexual violence”). The issue for determination in the 2011 proceeding was whether Ward currently qualified as a sexually violent predator in 2011. Ward’s current mental condition in 2011 was not and could not have been decided in the earlier 1976 proceeding. See Larimore, 76 So.3d at 1123 (recognizing that “commitment under the Ryce Act requires a showing that the respondent presently ‘suffers from a mental abnormality or personality disorder’ ” and concluding that defendant’s “current mental condition obviously could not have been at issue during the earlier proceedings” (quoting § 394.912(10), Fla. Stat. (2010))); cf. Mass v. State, 927 So.2d 157, 160 (Fla. 3d DCA 2006) (holding that second Baker Act petition was barred by principles of collateral estoppel and res judicata because it was filed only seven days after first Baker Act petition was denied and because “the testimony presented at the hearing on the second petition [was] essentially the same as that which the State presented or could have presented at the hearing on the first petition” and the “record indeed [did] not reflect any new developments that occurred subsequent to the proceedings on the first petition”). In fact, there was evidence introduced at the 2011 proceeding of incidents that had occurred since 1976.[1] Ward had been arrested in two cases involving sexual offenses or undertones, and although neither case was ultimately prosecuted, the victim in one of the cases testified in the 2011 proceeding. This evidence of events that occurred after 1976 is further indication that Ward’s mental state in 2011 was a different issue than his mental state in 1976, over thirty years earlier.
Last, Ward is barred from raising the issues of collateral estoppel and res judicata in his DeSoto habeas petition. Ward raised these arguments at his Jimmy Ryce trial in 2011 and again on direct appeal in the Third District. He cannot raise them again. See Denson v. State, 775 So.2d 288, 290 (Fla.2000) (holding that where defendant’s issue had “already been decided against him on the merits” and where he had “exhausted all appropriate and timely appellate review,” defendant could “not seek additional consideration of this claim simply by labeling it as fundamental error since his claim is barred under the concept of res judicata ”); Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992) (holding that “[h]abeas corpus is not *229 a second appeal and cannot be used to litigate or relitigate issues which could have been, should have been, or were raised on direct appeal”).
III. Conclusion
In sum, the principles of res judicata and collateral estoppel did not bar the State from seeking civil commitment of Ward in 2011, and Ward was barred from raising these challenges in his petition for writ of habeas corpus filed in DeSoto County. The circuit court properly denied Ward’s petition for writ of habeas corpus.
Affirmed.
VILLANTI and WALLACE, JJ„ Concur.

. This court granted the State's motion to take judicial notice of record items in Ward v. State, 3D 11-208, Ward’s direct appeal in the Third District. See § 90.202(6), Fla. Stat. (2012).