NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHERYL PELPHREY-WEIGAND,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D17-1503
　　　　　　　　　　　　　　　　　　　　　)
ROBERT K. WEIGAND,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　　　　)
_____)

Opinion filed April 17, 2019.

Appeal from the Circuit Court for
Hillsborough County; Laurel Lee,
Judge.

Allison M. Perry of Florida Appeals,
P.A., Tampa, for Appellant.

Elizabeth S. Wheeler of Berg &
Wheeler, P.A., Brandon, for Appellee.


NORTHCUTT, Judge.

　　　　　Cheryl Pelphrey-Weigand appeals a single order granting two postmarital

dissolution motions for attorneys' fees and costs filed by her former husband, Robert

Weigand.  We reverse the order insofar as it awards fees and costs incurred in the

proceeding on Pelphrey-Weigand's motion to set aside the dissolution judgment.

Otherwise, we affirm.

In January 2015, during the litigation on his former wife's motion to set aside the judgment, Weigand moved for an award of fees and costs. He argued pursuant to section 57.105, Florida Statutes (2014), that Pelphrey-Weigand's allegations were unsupported by existing facts and otherwise were legally insufficient to support her request for relief from the judgment. In February 2016, the circuit court denied Pelphrey-Weigand's motion to set aside the judgment, reserving jurisdiction to rule on Weigand's fees and costs motion. He amended the motion the following month, again asserting that he was entitled to fees and costs under section 57.105. The court conducted a hearing on Weigand's fee motion as amended and, on September 2, 2016, rendered an order denying it. Weigand did not move for rehearing or appeal the order.

Meanwhile, two months after the denial of Pelphrey-Weigand's motion to set aside the divorce judgment, she filed a motion for contempt and to enforce the judgment. The court denied this motion on September 8, 2016, reserving jurisdiction to consider Weigand's request for fees and costs incurred defending against it. In late October 2016, Weigand filed an amended motion for fees and costs related to the contempt proceeding.

Also, notwithstanding that the circuit court had previously denied his motion for fees and costs related to his former wife's effort to set aside the divorce judgment, in late October 2016 Weigand again moved for fees and costs incurred in that proceeding. Whereas his prior motion invoked section 57.105, the new motion alleged his entitlement under section 61.16, Florida Statutes (2016). He later amended this motion to add an allegation that he was entitled to an award under a prevailing party

- 2 -

attorneys' fee provision in the parties' marital settlement agreement, which had been incorporated in their dissolution judgment.

The order under review granted Weigand's motions for fees and costs for defending against both the motion to set aside the dissolution judgment and the later motion for contempt. Prior to the hearing on the fee motions, the circuit court entered an order rejecting Pelphrey-Weigand's claim that the previous denial of Weigand's motion for fees and costs in the first proceeding was res judicata as to that entitlement. The court wrote that "[e]ven assuming <u>arguendo</u> that the Former Husband's Motion is the 'same exact' motion previously filed, <u>which it is not</u>, res judicata would not apply." This was error.

Under principles of res judicata, a final disposition of an action on the merits bars a subsequent action between the same parties on the same cause of action. "The policy 'underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in *any court* (except, of course, for appeals by right).' " <u>Zikofsky v. Mktg. 10, Inc.</u>, 904 So. 2d 520, 523 (Fla 4th DCA 2005) (quoting <u>Topps v. State</u>, 865 So. 2d 1253, 1255 (Fla. 2004)). The requirements for applying res judicata are commonly described as follows:

> First, a judgment on the merits must have been rendered in a former suit. <u>See</u> <u>Ludovici v. McKiness</u>, 545 So. 2d 335, 337 (Fla. 3d DCA 1989); e.g., <u>Tyson v. Viacom, Inc.</u>, 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (en banc). Second, four identities must exist between the former suit and the suit in which res judicata is to be applied: " '(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and (4) identity of the quality or capacity of the persons for or against whom the

claim is made.' " Id. (citations omitted); Youngblood v. Taylor, 89 So. 2d 503, 505 (Fla. 1956).

Pearce v. Sandler, 219 So. 3d 961, 966 (Fla. 3d DCA 2017).

When overruling Pelphrey-Weigand's res judicata argument in this case, the circuit court did not specify which of the elements were lacking. On appeal, Wiegand maintains that res judicata was inapplicable for two reasons. First, he points out that no "judgment" on the merits of his fee and costs request was rendered in a prior lawsuit. It is true that there was no formal final judgment entered in a separate lawsuit. But although the res judicata elements are frequently couched in such terms, it is more accurate to say that res judicata requires a final adjudication on the merits in a prior proceeding. Thus, for example, when discussing issue preclusion in a postdecretal proceeding, the Third District has observed that "it does not matter that the issue-preclusive effect of the earlier adjudication is asserted later in the same case, rather than in separate, subsequent litigation." Utterback v. Starkey, 669 So. 2d 304, 305 (Fla. 3d DCA 1996).

> Probably because res judicata principles in general apply only to final, appealable determinations, see 33 Fla. Jur. 2d Judgments & Decrees § 173 (1994), and successive final judgments in the same case are at least unusual, see Del Castillo v. Ralor Pharmacy, Inc., 512 So. 2d 315 (Fla. 3d DCA 1987), it is true that the principle is often broadly and imprecisely stated as applying in subsequent "suits" or "actions." See 32 Fla. Jur. 2d Judgments and Decrees § 140. Nevertheless, when there is indeed a final earlier adjudication, its "effect . . . as res judicata is not confined in its operation to subsequent independent proceedings, but also applies to all collateral proceedings in the same action." 46 Am. Jur. 2d Judgments § 596 (1994).

Id. (footnotes omitted); see also Sibley v. Sibley, 885 So. 2d 980, 982 (Fla. 3d DCA 2004). Likewise, when addressing the finality of postdecretal orders for purposes of

- 4 -

rehearing motions, the Florida Supreme Court has noted that "[p]ost decretal [sic] orders are not true interlocutory orders, and perhaps the term 'interlocutory' is a misnomer." Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976).

> Where an order after judgment is dispositive of any question, it becomes a final post decretal [sic] order. To the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment, and, therefore, a petition for rehearing could be properly directed to such a post decretal [sic] order which constitutes a final and distinct adjudication of rights which have not been adjudicated in the original final judgment.

Id.

Thus, a postjudgment order deciding a motion for attorneys' fees incurred in the underlying action is a final appealable order. Yampol v. Turnberry Isle S. Condo. Ass'n, 250 So. 3d 835, 837 (Fla. 3d DCA 2018); Reliable Reprographics Blueprint & Supply, Inc. v. Fla. Mango Office Park, Inc., 645 So. 2d 1040, 1041-02 (Fla. 4th DCA 1994). The same is true of a postdecretal order determining entitlement to fees incurred in a collateral proceeding instituted after the judgment in the underlying action. See Sibley, 885 So. 2d at 982, 981-82.

The case before us arose from two discrete collateral proceedings begun after entry of the underlying divorce judgment. In the first, the circuit court denied Pelphrey-Weigand's motion to set aside the divorce judgment, reserved jurisdiction to adjudicate Weigand's motion for attorneys' fees and costs, and later rendered an order denying Weigand's fee motion. That order was a final adjudication of Weigand's claim

for fees and costs related to the motion to set aside the judgment, and it satisfied the first prong of the res judicata elements.

Weigand also argues that res judicata did not apply here because there was no identity of the causes of action between his first motion for fees and costs in the proceeding on the motion to set aside the judgment and the later ones. He points out that the later motion and amended motion asserted theories of recovery that were not alleged in the first motion, and he quotes this court's opinion in Ward v. State, 111 So. 3d 225, 227 (Fla. 2d DCA 2013) (quoting Larimore v. State, 76 So. 3d 1121, 1123 (Fla. 1st DCA 2012)), for the proposition that "an identical issue must have been presented in the prior proceeding, the issue must have been a critical and necessary part of the prior determination, there must have been a full and fair opportunity to litigate that issue, and the issue must have been actually litigated." But that passage referred to the principle of collateral estoppel, not res judicata. Id. Although related, the two issue preclusion principles are very different: Whereas res judicata precludes relitigating a cause of action, collateral estoppel is concerned with previously determined issues of fact. Campbell v. State, 906 So. 2d 293, 295 (Fla. 2d DCA 2004). Weigand's assertion that res judicata requires that the theories of recovery in the two proceedings must be identical is simply wrong.

To the contrary, the law is long settled that res judicata not only applies to issues that were raised in the first proceeding, but it also bars consideration of issues that could have been but were not raised in the first case. See, e.g., Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984); Pearce, 219 So. 3d at 967; Zikofsky, 904 So. 2d at 523. Time and again, the courts have expressly rejected the proposition, advanced by

Weigand here, that a claimant may avoid the res judicata prohibition by changing either the relief requested or the theory under which the claim is made.  Gordon v. Gordon, 59 So. 2d 40, 43 (Fla. 1952); Signo v. Fla. Farm Bureau Cas. Ins. Co., 454 So. 2d 3, 5 (Fla. 4th DCA 1984); Pumo v. Pumo, 405 So. 2d 224, 226 (Fla. 3d DCA 1981); Smith v. Fla. E. Coast Ry. Co., 151 So. 2d 70, 72-73 (Fla. 3d DCA 1963).

The first order denying Weigand's request for fees and costs incurred in the proceeding on the motion to set aside the dissolution judgment operated to bar further consideration of that entitlement.  Insofar as the order under review revisited the fee and costs entitlement and granted them to Weigand for that proceeding, it was error.

Beyond that, and even more basically, the first order ended the circuit court's jurisdiction in that proceeding.  "The rule is firmly established in this State that the trial Court loses jurisdiction of a cause after a judgment or final decree has been entered and the time for filing petition for rehearing or motion for new trial has expired or same has been denied."  Liberty Ins. Corp. v. Milne, 98 So. 3d 613, 615 (Fla. 4th DCA 2012) (quoting State ex rel. Am. Home Ins. Co. v. Seay, 355 So. 2d 822, 824 (Fla. 4th DCA 1978)); see also Travelers Cas. & Sur. Co. of Am. v. Culbreath Isles Prop. Owners Ass'n, 103 So. 3d 896, 899 (Fla. 2d DCA 2012).  It makes no difference that the offending subsequent fee and cost request was considered when the court was proceeding on the motion for contempt and enforcement.  The latter was pursuant to a specific reservation of jurisdiction for that purpose in the final dissolution judgment. Weigand's second and third motions for fees and costs related to the motion to set aside the judgment exceeded the scope of that reservation.  See Travelers Cas. & Sur. Co. of Am., 103 So. 3d at 899.

Accordingly, we reverse the award of attorneys' fees and costs to Weigand related to the motion to set aside final judgment. We affirm the order insofar as it awards attorneys' fees and costs pertaining to the motion for contempt and enforcement. However, the order on appeal does not distinguish between costs attributable to the two proceedings. On remand, the court shall determine which costs were incurred defending the motion to set aside, and it shall strike those costs from the award.

Reversed in part, affirmed in part, and remanded with instructions.

KHOUZAM and MORRIS, JJ., Concur.