[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10298
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cv-01274-CEH-JSS


UNIVERSAL PHYSICIAN SERVICES, LLC,
a Florida Limited Liability Company,

Plaintiff-Counter
Defendant-Appellee,

versus

AMANDA DEL ZOTTO, et al.,

Defendants,

ERIC DELONG,

Defendant-Counter
Claimant-Appellant,

CLINICAL SERVICES, LLC,
a.k.a. Clinical Services, Inc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 6, 2021)

Before LAGOA, BRASHER, and FAY, Circuit Judges.

PER CURIAM:

After five years of contentious litigation, a jury found Defendants-Appellants Eric DeLong and Clinical Services, Inc., liable for their part in a scheme to misappropriate Plaintiff-Appellee Universal Physician Services, LLC's confidential information and trade secrets to convince its clients to join their competing business. The defendants now appeal that final judgment. The defendants argue that a partial final judgment as to bifurcated counts in this action, entered in state court against a third defendant who is not a party to this appeal, Amanda Del Zotto, precluded the district court from entertaining the remaining counts against them. They also argue that their own removal to federal court was improper. After careful review, we affirm. We also order defendants and their counsel to show cause as to why they should not be sanctioned for pursuing a frivolous appeal.

**I.**

In 2015, Universal Physician Services filed suit in Florida state court against its employee, Amanda Del Zotto. Universal alleged that, among other things, Del Zotto used her position as an employee and Universal's confidential information and

assets to convince clients to join her at a new, competing company, Clinical Services, Inc. Universal sought injunctive relief against Del Zotto and also alleged breach of fiduciary duty, tortious interference, conversion, replevin, civil theft, and breach of confidential relationship. The state court entered a temporary injunction against Del Zotto on April 10, 2015, enjoining her from using, altering, or destroying Universal's property or confidential information and from communicating with Universal's clients.

After the state court sanctioned Del Zotto for violating that temporary injunction, Universal sought leave to file a supplemental complaint, asserting additional claims against Del Zotto for her misconduct and adding Eric DeLong and CSI as defendants. Universal alleged that Del Zotto shared confidential information with DeLong and CSI after Universal filed its initial complaint. It also alleged that the two new defendants used that information to help Del Zotto solicit Universal's clients in violation of the temporary injunction.

The state court granted Universal's motion to file a supplemental complaint, and Universal filed the supplemental complaint on January 29, 2016. In that complaint, Universal asserted counts of misappropriation against Del Zotto, DeLong, and CSI; one count of civil conspiracy to misappropriate trade secrets against Del Zotto and DeLong and another against Del Zotto and CSI; counts of tortious interference against DeLong and CSI; and one count of civil conspiracy to

3

tortiously interfere with Universal's business relationships and contracts against Del Zotto and DeLong and another against Del Zotto and CSI.

Universal then moved to strike Del Zotto's answer as sanctions for litigation misconduct and to enter default judgment against her. The state court granted Universal's motion on March 22, 2016, determining that Del Zotto had "set in motion an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate this matter by unfairly hampering the presentation of [Universal]'s claim." The state court determined that, as a part of that scheme, Del Zotto provided perjured testimony regarding her relationship with Clinical Services, LLC, and its affiliation with CSI. Accordingly, the state court entered default judgment against Del Zotto as to Universal's breach of fiduciary duty, tortious interference, and breach of confidential relationship claims against her.

Meanwhile, DeLong evaded service of the supplemental complaint. Universal hired two process servers and a private investigator to attempt to serve DeLong and CSI with the supplemental complaint between February and May 2016. One process server stated that, in his nineteen years working in the industry, he had "never had such a difficult time serving an individual as [he] had attempting to serve DeLong." The private investigator was finally able to substitute-serve both defendants by delivering the summons and supplemental complaint to "John Lister," a man

4

purporting to be DeLong's roommate but who the investigator stated looked exactly like photographs of DeLong.

During the time that Universal was attempting to serve the defendants, it moved to bifurcate all counts against DeLong and CSI from the trial on the remaining counts solely against Del Zotto. The state court granted that motion on March 30, 2016, and Universal proceeded to a bench trial against Del Zotto. The state court ruled in favor of Universal on all counts against Del Zotto and entered a partial final judgment for damages on April 26, 2016.

DeLong and CSI then removed the case to the United States District Court for the Middle District of Florida on May 20, 2016, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. The defendants also moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Universal filed a motion to remand the case back to state court because the defendants had filed their notice of removal more than one year after the case was commenced, thereby failing to meet the statutory deadline for diversity-based removal under 28 U.S.C. § 1446. The defendants responded that the one-year limitation did not apply because the action was removable on the basis of diversity from the time the initial complaint was filed. In the alternative, the defendants asked the district court to decline to find removal untimely for equitable reasons.

5

The district court denied Universal's motion to remand, denied the defendants' motion to dismiss, and the defendants filed their answer to the supplemental complaint.

One year after the deadline for amended pleadings, the defendants moved to amend their affirmative defenses to include res judicata, but the district court denied their motion. The district court held that: (1) the defendants failed to show good cause for not seeking an extension to the deadline for amending pleadings or why they filed the motion to amend over one year and seven months after that deadline, (2) granting the motion would cause prejudice to Universal, and (3) the amendment would likely be futile. In determining that the amendment would likely be futile, the district court held that the partial final judgment in state court was not a "prior action" and that the claims before the district court were "separate causes of action against additional parties (who do not argue they are in privity with Del Zotto) which have not been litigated to completion."

Universal subsequently moved to sanction DeLong and CSI for perjury and other litigation misconduct, asking the district court to strike the defendants' answer, affirmative defenses, and counterclaim. The district court granted in part the motion for sanctions, determining that "DeLong committed perjury about material issues in the case" and calling DeLong's conduct "egregious." But the district court declined to strike the defendants' answer, affirmative defenses, and counterclaim, stating that

Universal's ability at trial to submit evidence of DeLong's perjury was a sufficient remedy.

The defendants petitioned this Court for a writ of prohibition to the district court to stay the proceedings and remand to state court or, alternatively, to stop the action and dismiss it with prejudice. *See In re: Clinical Services LLC*, No. 19-14313 (11th Cir. 2019). We denied the petition. *Clinical Services*, No. 19-14313.

The case then went to trial and the jury rendered a verdict in favor of Universal on all counts. The defendants timely filed a notice of appeal as to the district court's final judgment as a result of the jury's verdict and its order denying their motion to amend the affirmative defenses.

## II.

We must first determine whether this Court has jurisdiction over the appeal and, relatedly, whether the district court had jurisdiction over the action below. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." (citation omitted)). We have appellate jurisdiction under 28 U.S.C. § 1291. The district court inquired into its own jurisdiction *sua sponte* and concluded that it had diversity jurisdiction under 28 U.S.C. § 1332. No one disputes that the parties are diverse and that the amount of controversy is sufficient for diversity jurisdiction. We agree with the district court's conclusion.

7

Nonetheless, the defendants argue that the district court lacked subject matter jurisdiction over Universal's claims against them for two reasons. Neither is persuasive.

First, the defendants erroneously argue that their own failure to remove the case to federal court within 28 U.S.C. § 1446's one-year time limit precluded the district court's exercise of subject matter jurisdiction. But "[t]he untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) (citations omitted). When Universal moved for the district court to remand the case to state court due to this procedural defect, the defendants argued that Section 1446's limit did not apply and, alternatively, the district court should excuse the untimely removal for equitable reasons. The district court agreed with defendants. The defendants cannot use their own procedural defect—and arguments directly conflicting with what they successfully argued below—to challenge the district court's decision now that a jury has ruled against them.

Second, the defendants erroneously argue that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction. "[T]he *Rooker-Feldman* doctrine is a narrow doctrine that only applies to an attempt to appeal a state court judgment." *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). This case did not come before the district court as an appeal of, or dispute about, a state court

8

judgment; it came to the district court because the defendants removed the claims against them—claims that were never tried in state court. Accordingly, *Rooker-Feldman* is inapplicable.

## III.

The defendants raise four additional arguments on appeal: (1) they are not bound by the judgment because they were not served until after trial began in state court; (2) the district court abused its discretion by denying their motion to amend the affirmative defenses; (3) the state court's partial final judgment against Del Zotto is res judicata and therefore bars the district court's subsequent judgments; and (4) the district court erred in striking their expert witness as untimely disclosed. We address each argument in turn.

First, the fact that the defendants evaded service for three months did not preclude the district court from entering a judgment against them. A party waives an argument by failing to support it with citations to authority in the brief. *See Continental Tech. Servs., Inc. v. Rockwell Intern. Corp.*, 927 F.2d 1198, 1199 (11th Cir. 1991); *see also* Fed. R. App. P. 28(a)(8) ("[T]he argument . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies . . . ."). The defendants do not cite to any authority or parts of the record in support of their argument that they are not

bound by the district court's judgment due to improper service of process. They have, therefore, waived this argument.

But even if the defendants had properly raised this argument in their brief, it fails on the merits. Universal provided numerous affidavits detailing its attempts to serve the defendants with process beginning immediately after it filed the supplemental complaint. Moreover, Universal did effect service on both defendants approximately three months after filing the supplemental complaint. And the partial final judgment in state court applied only to the counts against Del Zotto alone, all counts against the defendants were bifurcated and then removed, by the defendants, to federal court. Because Universal served the defendants with process before any judgment was entered against them, they are bound by the district court's final judgment.

Second, the district court did not abuse its discretion by denying the defendants' motion to amend their answer to include a res judicata defense. Under Federal Rule of Civil Procedure 15(a), a party that seeks to amend its pleading beyond the time limit for its one amendment as a matter of course must seek the written consent of the opposing party or leave of court. And when the time for amendment has passed under a scheduling order, the party must show "good cause" for failing to the meet the deadline under Federal Rule of Civil Procedure 16. "[W]e cannot hold that the district court abused its discretion" when a party offers "no

credible explanation for their failure to [timely] move for leave to amend." *In re Beef Indus. Antitrust Litig., MDL Docket No. 248*, 600 F.2d 1148, 1162 (5th Cir. 1979); *see also In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014) ("[A] district court has discretion to deny leave to amend . . . when the moving party offers no adequate explanation for a lengthy delay."). Here, the defendants moved to amend the affirmative defenses over one and a half years after the deadline for amending pleadings set by the district court in the scheduling order. The defendants never sought a modification of the scheduling order and never argued that they had good cause for seeking an extension of the deadline. Therefore, the district court did not abuse its discretion in denying their motion to amend.

Third, assuming without deciding that the defendants did not waive the defense by their failure to include a res judicata defense in their answer, the partial final judgment against Del Zotto is not res judicata as to the claims against the defendants. This Court reviews the applicability of res judicata *de novo*. *Aquatherm Industries, Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1391 (11th Cir. 1996). And we apply the res judicata law of the state where a prior judgment was rendered when determining whether that state court judgment bars a subsequent proceeding in federal court. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (citations omitted). "The Florida doctrine of *res judicata* bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of

11

action, (3) identity of persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." *Id.* (citations omitted). Res judicata applies not only to "subsequent independent proceedings, but also applies to all collateral proceedings in the same action." *Utterback v. Starkey*, 669 So.2d 304, 305 (Fla. Dist. Ct. App. 1996) (citations omitted).

The defendants argue that a partial final judgment in Pinellas County Circuit Court as to bifurcated counts against Del Zotto precluded the district court from entertaining the remaining counts against them. We disagree. The state court did not enter a judgment against either defendant; it entered a partial final judgment as to Universal's claims against Del Zotto for actions she took as an employee of Universal. The bifurcated counts against the defendants that went to trial in the district court were, as stated in the supplemental complaint, for actions taken *after* the filing of the initial complaint. Additionally, all counts against Del Zotto for actions taken after the filing of the initial complaint were also bifurcated from the counts that went to trial in state court. Consequently, the bifurcated counts against the defendants were for damages incurred and actions taken after the filing of the initial complaint, whereas the partial final judgment was entered only as to counts in the initial complaint. For these reasons—and the fact that the defendants were not parties to the partial final judgment—the state court's judgment did not bar the district court's judgment.

12

Fourth, the district court did not abuse its discretion by striking the defendants' expert witness as untimely disclosed. "We review a district court's decision to admit or exclude expert testimony for an abuse of discretion." *U.S. v. Azmat*, 805 F.3d 1018, 1041 (11th Cir. 2015) (citation omitted). And "[c]ourts have broad discretion to exclude untimely expert testimony." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019) (citation omitted). The defendants waived this issue by failing to provide any citations to authority or the record in support of their argument. *See Continental Tech. Servs.*, 927 F.2d at 1199; *see also* Fed. R. App. P. 28(a)(8). But even if they had provided support for their argument, it would still fail. Federal Rule of Civil Procedure 26 provides that a party must disclose the identity of any expert witnesses it may use at trial as well as "a written report— prepared and signed by the witness" "at the times and in the sequence that the court orders." The district court granted Universal's motion in limine to exclude two of the defendants' expert witnesses because neither provided expert reports as required by Rule 26. This straightforward application of Rule 26 was not an abuse of its discretion.

## IV.

The district court's judgment is **AFFIRMED**.

We will also consider whether to impose sanctions against the defendants and their counsel, Alan F. Hamisch and The Hamisch Law Firm. Pursuant to Federal

Rule of Appellate Procedure 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. An award of damages and costs under Rule 38 is appropriate against an appellant who raises "clearly frivolous claims in the face of established law and clear facts." *Parker v. Am. Traffic Solutions, Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (internal quotation marks omitted). "[A] claim is clearly frivolous if it is utterly devoid of merit." *Id.* (internal quotation marks omitted). Accordingly, we **ORDER** the defendants and their counsel to show cause, within 14 days after this order is filed, why we should not impose Rule 38 sanctions against them. The plaintiff may file a reply within 14 days after service of the defendants' response.